In the Matter of ANDRE LUMSDEN, Petitioner, v NEW YORK CITY FIRE DEPARTMENT, Respondent.—Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Fire Department, dated October 2, 1985, which, after a hearing, terminated the petitioner's employment.

Adjudged that the determination is confirmed, with costs, and the proceeding is dismissed on the merits.

While serving a 90-day suspension without pay for stealing and cashing the paycheck of a fellow firefighter, a crime which the petitioner admitted committing, the petitioner's urine was sampled on two occasions, four days apart. Two different kinds of tests were conducted on each occasion. On each occasion, both samples tested positive for the presence of marihuana. Following a hearing, the petitioner was dismissed from the Department.

The petitioner claims that the administrative determination

is not supported by substantial evidence *see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181) because the evidence presented was hearsay. This argument is without merit. As was correctly noted by the Administrative Law Judge, not only is hearsay evidence admissible in administrative proceedings (Civil Service Law § 75 [2]) but findings of fact may be based on hearsay evidence alone *(Matter of Eagle v Paterson,* 57 NY2d 831). In any event, the evidence presented at the administrative hearing, i.e., the laboratory records of the urinalyses, fell squarely within the business records exception to the hearsay rule *(see, People v Farrell,* 58 NY2d 637).

The petitioner argues further that the punishment should be set aside. In light of all the circumstances, including the petitioner's prior record, we find that the punishment imposed was not shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222). Mollen, P. J., Rubin, Kooper and Sullivan, JJ., concur.