■ In the Matter of CANARSIE PLUMBING AND HEATING CORP., Petitioner, v HARRISON GOLDIN, as Comptroller of the City of New York, Respondent.—In this CPLR article 78 proceeding commenced directly in this court pursuant to Labor Law § 220 (8), order and determination (one paper) of respondent Comptroller of the City of New York, dated May 23, 1988, which found that Cornelius Hamilton was not a subcontractor of Canarsie Plumbing and Heating Corp. and was not in violation of Labor Law § 220 *et seq.,* that Canarsie violated Labor Law § 220 *et seq.* by failing to assure that its subcontractor SEDA provided its employees with the prevailing rates of wage and supplemental benefits regarding the subject contract, that said violation by Canarsie was not willful, that SEDA willfully violated Labor Law § 220 *et seq.* by failing to provide its employees with the prevailing rate of wage and supplemental benefits, that four specified employees are entitled to an award of $61,113.24 for wage and benefit deficiencies and interest, directed that Canarsie pay the City of New York a civil penalty in the amount of $9,147.25 and that interest at the rate of 16% compounded annually shall accrue on any sums not made available for payment within 30 days of the entry thereof, is unanimously annulled only to the

extent of vacating the determination as to Rafael D. Macario and Epifania Rios and remanding the matter as to those individuals, and otherwise confirmed, without costs or disbursements.

Petitioner Canarsie Plumbing and Heating Corp. entered into a contract with the New York City Housing Authority for the renovation of bathrooms at the Riis Houses in Manhattan. SEDA Contracting Corporation, a subcontractor of Canarsie, claims to have, in turn, orally subcontracted with Cornelius Hamilton to perform all plastering, tiling, carpentry and labor on the project. Following an investigation into the payroll practices of Canarsie, SEDA and Hamilton, respondent Comptroller of the City of New York served a notice of hearing and statement of complaint to produce documents on the three parties. Thereafter, the Comptroller, by a designated Hearing Officer, conducted a compliance hearing to ascertain whether the statutory requirements relating to employee wages and benefits had been met. Although respondent's complaint alleged that 22 employees had not received the mandated prevailing wages and supplemental benefits, the Hearing Officer found that only four employees were entitled to awards. In addition, the Hearing Officer determined that Canarsie had violated Labor Law § 220 *et seq.* by failing to assure that its subcontractor SEDA provided its employees with the prevailing wage and supplemental benefits but that such violation was not willful. SEDA's lack of compliance was deemed to be willful while Hamilton was found not to be a subcontractor of either Canarsie or SEDA or in violation of the Labor Law. The four named employees were held entitled to varying sums for a total amount of $61,113.24, and Canarsie was ordered to pay a civil penalty of $9,147.25 on behalf of SEDA.

On appeal, Canarsie disputes respondent's findings as to the four employees and also challenges the Comptroller's assessment of a civil penalty and interest. Petitioner contends that it was denied a fair hearing with respect to the claims of Epifania Rios and Ignacio Estevez because statements of these employees were introduced into evidence and it, thus, was deprived of an opportunity to cross-examine them. However, an administrative determination need not be supported by a "residuum" of legally admissible evidence; rather, the question is whether the agency's findings are based upon substantial evidence *(People ex rel. Vega v Smith,* 66 NY2d 130; *Matter of Eagle v Paterson,* 57 NY2d 831; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176). According to the Court of Appeals in *People ex rel. Vega v Smith*

*(supra,* at 139), "[h]earsay is admissible in such a proceeding, and if sufficiently relevant and probative may constitute substantial evidence". Applying such standard, the record herein contains substantial evidence to support the finding as to Ignacio Estevez, as well as that of Manuel Natal. Estevez's employment at the Riis Houses was corroborated by the testimony of Cornelius Hamilton. While Estevez's statement indicating that he was a tile layer was at variance with Hamilton's claim that he was a laborer, the Hearing Officer was warranted in determining that he was a "tile layer based on Mr. Estevez's description of his duties and that he was paid at a rate above that paid to laborers on the Riis project." Further, Hamilton's handwritten records showing that Estevez began work in May of 1984 were reasonably rejected in favor of Estevez's assertion that he was on the job from April to December of 1984. Similarly, the Hearing Officer could appropriately find on the evidence presented that the release signed by Manuel Natal in favor of Canarsie for $600 in exchange for a claim in excess of $7,000 was unconscionable under the circumstances herein and should, therefore, be set aside *(see, Matter of John F. Cadwallader, Inc. v New York State Dept. of Labor,* 112 AD2d 577).

Both petitioner and respondent agree that the Hearing Officer made an erroneous fact finding with regard to Rafael Macario and jointly urge that the matter be remanded as to him. The proceeding should also be remanded as to Epifania Rios since the basis for the Hearing Officer's conclusion that "[o]n balance, we find that this employee worked twelve weeks" is unclear. Rios' statement asserts that she worked at the Riis Houses for some six months whereas Hamilton limited the length of her employment to six weeks. Thus, it is impossible to ascertain from the record how the Hearing Officer decided that her employment lasted for a period of 12 weeks. Finally, petitioner argues that a civil penalty was improperly assessed against it because the Hearing Officer determined that Canarsie had no knowledge of SEDA's willful violation of the Labor Law. In that connection, section 223 of the Labor Law provides that whenever the "evidence indicates a noncompliance or evasion on the part of a sub-contractor, the contractor shall be responsible for such noncompliance or evasion." The construction of this statute as permitting the imposition of civil penalties on a contractor, though not itself guilty of willfulness, for the willful violation of the mandates of the Labor Law by its subcontractor is certainly not inconsistent with the underlying statutory purpose of holding contrac-

tors responsible for the actions of their subcontractors. As the Court of Appeals noted in *Matter of Johnson v Joy* (48 NY2d 689, 691), "[i]t is, moreover, hornbook law the construction given statutes and regulations by the agency responsible for their administration will, if not irrational or unreasonable, be upheld". The cases cited by respondent to the contrary, *Telecommunications Designs v Roberts* (127 AD2d 976) and *Matter of Sewer Envtl. Contrs. v Goldin* (98 AD2d 606), both involved vacatur by appellate courts of administrative findings of willfulness and are, therefore, not applicable herein where SEDA's noncompliance was clearly willful and merited the imposition of a civil penalty to be borne by petitioner. Concur— Murphy, P. J., Sullivan, Ross, Milonas and Smith, JJ.