■ In the Matter of TAJ AIRCONDITIONING AND REFRIGERATION COMPANY, INC., Petitioner, v HARRISON GOLDIN, as Comptroller of the City of New York, et al., Respondents.—

Petitioner entered into a public works contract with the New York City Health and Hospitals Corporation to install air conditioning, sprinklers, and provide other duct work at Woodhull Hospital. The contract required petitioner and its

subcontractors to pay the prevailing rate of wage and supplemental benefits to its workers on this project, as set forth in the applicable wage-rate schedules furnished petitioner. After petitioner subcontracted a part of its work to Favorite Sheet Metal and Roofing Company, several employees complained about being paid wages below the prevailing industry standard and receiving no supplemental benefits.

Following an investigation into improper payroll practices of petitioner's subcontractor, respondent served a notice of hearing and statement of complaint to produce documents on both parties, alleging 16 employees had not received the mandated prevailing wages and supplemental benefits. The notice was amended to add another employee.

After a hearing was conducted to determine if the statutory requirements relating to employee wages and benefits had been met, the Hearing Officer found for respondent and against petitioner, as noted above.

Upon review of the record, we find that substantial evidence exists to support the agency's findings (see, Matter of Canarsie Plumbing & Heating Corp. v Goldin, 151 AD2d 331). There is no merit to petitioner's claim that the subject workers should have been paid on an apprentice wage scale instead of the journeyman's rate which respondent applied. The law requires that all covered workers be paid a journeyman's prevailing wage for their occupation unless they are apprentices registered in accordance with the statute (see, Matter of Monarch Elec. Contr. Corp. v Roberts, 70 NY2d 91). Since there was no evidence adduced at the hearing that the workers were registered in such a program, the application of the journeyman-level salary was appropriate. Additionally, the evidence reveals that the subcontractor failed to pay any supplemental benefits to the covered workers. Moreover, petitioner's claimed lack of knowledge of the subcontractor's unlawful practices does not prevent it from being held responsible and liable for such noncompliance (Labor Law § 223; Matter of Canarsie Plumbing & Heating Corp. v Goldin, supra, at 333-334).

We have considered petitioner's other contentions and find them to be without merit. Concur—Rosenberger, J. P., Asch, Ellerin and Wallach, JJ.