■ In the Matter of GELCO BUILDERS, INC., Petitioner, v ELIZABETH HOLTZMAN et al., Respondents.—Order and determination of the respondent Comptroller of the City of New York, dated March 9, 1990, which found that petitioner violated Labor Law § 220 by failing to pay wages and supplemental benefits at the prevailing rates, and which awarded certain employees $369,486.15 for wage and benefit deficiencies, plus 16% interest thereon, and a civil penalty of 20%, is unanimously affirmed, petition denied and the proceeding brought

pursuant to CPLR article 78 (commenced in this court pursuant to section 220 [8] of the Labor Law) is dismissed without costs or disbursements.

Contrary to Gelco's argument, the New York City Comptroller has jurisdiction of this wage underpayment matter, since the contract involves public work performed on behalf of a public benefit corporation which is incorporated in a city whose population exceeds one million. *(See,* Labor Law § 220 [5] [e]; McKinney's Uncons Laws of NY § 7383 [8]; New York City Health and Hospitals Corporation Act § 3 [8] [L 1969, ch 1016, § 1].)

Gelco's argument that substantial evidence in the record is lacking to support the Comptroller's determination of wage underpayments because the determination was based upon the subcontractor's falsified payroll records, as well as hearsay statements from a number of its employees, is without merit. Initially, where an employer has failed to maintain proper records, wage underpayments may be calculated by reference to the best evidence available, and the burden shifts to the employer to negate the reasonableness of the calculations *(Matter of Mid Hudson Pam Corp. v Hartnett,* 156 AD2d 818). Hearsay is not only admissible in an administrative proceeding, but may also constitute substantial evidence if it is sufficiently relevant and probative of the issues to be determined. *(People ex rel. Vega v Smith,* 66 NY2d 130, 139.) We find the written statements by Eslampour employees, together with Eslampour's payroll reports and check stubs submitted into evidence, provide substantial evidence to support the Comptroller's findings. *(See generally, Matter of Canarsie Plumbing & Heating Corp. v Goldin,* 151 AD2d 331, 332.)

The releases proffered by Gelco in this proceeding do not relieve it of liability. Gelco never offered these releases into evidence at the hearing, and as such, the Hearing Officer never assessed their validity. Moreover, it is uncontested that Gelco never paid the employees the consideration stated in the releases.

We find no merit to Gelco's statutory challenge to the imposition of interest on moneys withheld by Health and Hospitals Corporation pending final determination of the matter. *(See,* Labor Law § 220-b [2] [a].) The 20% civil penalty is justified in view of Eslampour's failure to keep proper records, its willful falsification of certified payroll reports, and the incredible testimony given by its president, Mr. Eslampour. Gelco is properly responsible for this penalty. *(See,* Labor Law

§ 223; *Matter of Canarsie Plumbing & Heating Corp. v Goldin, supra.)*

We have considered Gelco's remaining contentions and find them to be without merit. Concur—Murphy, P. J., Ross, Ellerin and Smith, JJ.