■ In the Matter of RSI ROOFING, INC., Petitioner, v THOMAS F. HARTNETT, as Commissioner of Labor, Respondent. —Mercure, J. Proceeding pursuant to CPLR article 78 (initiated in this court pursuant to Labor Law §§ 220 and 220-b) to review a determination of respondent which, *inter alia,* found that petitioner failed to pay prevailing wages and wage supplements.

In May 1988 the State University Construction Fund entered into a contract with petitioner for the replacement of the roof on Maxcy Hall at the State University of New York at Potsdam in St. Lawrence County. The Department of Labor issued a prevailing wage schedule for the project containing wage and supplement rates for a variety of trades, including roofer, power equipment operator and laborer, which was incorporated into the bid specifications and contract. As the result of an investigation by the Department and review of petitioner's payroll records, petitioner was charged with an

underpayment of wages and supplements totaling $14,207.27. Following a hearing before an Administrative Law Judge, respondent found that petitioner willfully underpaid employees on the project, primarily by using laborers to perform roofers' work, and ordered that the total sum of $19,260.92, including interest and a 25% civil penalty, be withheld, a determination challenged by petitioner in this CPLR article 78 proceeding.

Initially, we reject the contention that respondent's determination was not supported by substantial evidence. Petitioner's own payroll records showed that of the total hours workers were paid on the project, 66% were paid at laborers' rates, 32% at roofers' rates and 2% at the rate applicable to operating engineers. However, the testimony of petitioner's employees indicated that substantially all of them were on the roof of the building at least 60% of the time, and the expert witnesses produced by the Department were unanimous in their opinion that work performed on a roof is properly classified as roofers' work. "Whether a particular undertaking constitutes roofers' work is a matter within respondent['s] expertise" *(Matter of L & M Co. v New York State Dept. of Labor,* 161 AD2d 919) and will not be disturbed "absent a clear showing that [the] classification does not reflect 'the nature of the work actually performed' " *(Matter of General Elec. Co. v New York State Dept. of Labor,* 154 AD2d 117, 120, *affd* 76 NY2d 946, quoting *Matter of Kelly v Beame,* 15 NY2d 103, 109). Petitioner's primary challenge is to the credibility of the witnesses who testified against it, an issue beyond our review *(see, Matter of Naftilos Painting & Sandblasting [Hartnett],* 173 AD2d 964). We also conclude that petitioner has not satisfied its burden of establishing that the method utilized to calculate uncompensated work was unreasonable *(see, Matter of Mid Hudson Pam Corp. v Hartnett,* 156 AD2d 818, 820-821). In view of petitioner's failure to produce complete records, respondent was entitled to "make just and reasonable inferences in awarding damages to employees even while the results may be approximate" *(supra,* at 820). Finally, taking into account petitioner's experience with public projects and history of prevailing wage violations, we reject the contention that there was not an adequate basis for respondent's finding of willfulness *(see, supra,* at 821).

Weiss, J. P., Mikoll, Yesawich Jr. and Crew III, JJ., concur. Adjudged that the determination is confirmed, and petition dismissed, without costs.