■ In the Matter of CITY CONSTRUCTION DEVELOPMENT, INC., Petitioner, v THOMAS F. HARTNETT, Respondent. [596 NYS2d 470] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent, dated August 20, 1990, which, after a hearing, found that the petitioner was vicariously liable for the willful violation by its subcontractor C.O.A.C., Inc., of Labor Law § 220 *et seq.* in failing to pay prevailing wages and benefits to 81 of its employees on a demolition project for the New York State Office of General Services, and fixed the total violation in the principal sum of $541,468.32, plus interest in the amount of 16% and a civil penalty in the amount of 25%.

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits, with costs.

The respondent's determination as to the underpayment of wages and benefits was supported by substantial evidence *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181-182). We find no merit to the petitioner's contention that Labor Law § 223 denies it equal protection under the law, since the statute treats all prime contractors equally *(see,* Labor Law § 223; *Matter of Abrams v Bronstein,* 33 NY2d 488, 492). In addition, holding the petitioner liable for the civil penalty of 25%, which was not excessive in light of the subcontractor's willful noncompliance and bad faith *(see,* Labor Law § 220-b [2] [d]), advances the statutory purpose of holding general contractors responsible for the actions of their subcontractors *(see, Matter of Taj Airconditioning & Refrig. Co. v Goldin,* 158 AD2d 350, 351; *Matter of Canarsie Plumbing & Heating Corp. v Goldin,* 151 AD2d 331, 333-334). Finally, the interest award was proper *(see,* Labor Law § 220-b [2] [c]). Thompson, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.