(June 30, 1994)

■ In the Matter of AGENCY CONSTRUCTION CORPORATION, Petitioner, v JOHN F. HUDACS, as Commissioner of the New York State Department of Labor, et al., Respondents. [613 NYS2d 974] —Peters, J. Proceeding pursuant to CPLR article 78 (initiated in this Court pursuant to Labor Law §§ 220 and 220-b) to review a determination of respondent Commissioner of Labor which found that petitioner failed to pay prevailing wages and supplements.

Petitioner, a general contractor, contracted with the City of Middletown in Orange County to construct a sand and salt storage shed facility. Petitioner then subcontracted a portion of the project to Frank Piazza, doing business as Rock Hill Construction & Cement Contractors Company, Inc. (hereinafter Rock Hill). As a public works project, both petitioner and its subcontractor were required to pay prevailing wages and supplements to their workers *(see,* Labor Law § 220 [3]).

The project was commenced in August 1989 with Rock Hill performing its subcontracting work until December 1989, when it was terminated for poor work performance. During such period, a complaint regarding the payment of wages was made and respondents' subsequent investigation revealed that Rock Hill failed to pay prevailing wages and supplements. Respondent Department of Labor then issued notices of Labor Law violations to Rock Hill. Pursuant to Labor Law § 220-b, which holds a contractor liable for a subcontractor's failure to pay prevailing wages, the Department ordered the City to withhold part payment due petitioner for its work on the project.

An administrative hearing was thereafter held to determine, *inter alia,* whether Rock Hill failed to pay prevailing wages and supplements. The hearing resulted in a determination which found that Rock Hill underpaid six of its employees and had submitted certified payroll records which were false. It was further determined that petitioner's inspector, Peter Raboff, was not properly monitoring the project. The Hearing Officer therefore recommended that the employees be paid all moneys owed plus interest at the rate of 16% and that Rock Hill be assessed a civil penalty of 20% on the total underpayment of wages and supplements, with all such payments being the responsibility of petitioner. The Hearing Officer's report and recommendation were adopted by respondent Commissioner of Labor and petitioner thereafter commenced this proceeding to challenge the determination.

Petitioner primarily contends that the Commissioner's determination regarding the classification of work performed by each of the six Rock Hill employees as well as the number of hours worked as the basis for the resultant assessments was arbitrary and capricious and not supported by substantial evidence in the record.

First noting that the "determination of fact * * * the credibility of witnesses and the inferences to be drawn from the evidence presented are conclusive if supported by substantial evidence" *(Matter of Di Maria v Ross,* 52 NY2d 771, 772), we review the determination regarding Salvatore Piazza (hereinafter Piazza), who petitioner contends was not an employee of Rock Hill but instead a supervisor or even a principal not required to be paid prevailing wages. Our review of the record indicates that while Piazza performed some supervisory functions, his own testimony and that of the other workers including Raboff clearly established that Piazza was a working supervisor entitled to prevailing wages for 85% of his work *(see, Matter of Tru-Temp Indus. Insulation Co. v Hartnett,* 155 AD2d 820, 822). Hence, since the Commissioner's determination will be upheld if substantial evidence is found *(see, e.g., Matter of Otis E. Serv. v Hudacs,* 185 AD2d 483), the underlying determination regarding Piazza will not be disturbed.

On the issue of hours, it is uncontested that Rock Hill failed to keep accurate payroll records and did not participate in the administrative hearing. In the absence of adequate records by the contractor or subcontractor, it is well settled that "other evidence may be used to establish the amount of underpayments * * * even though the results may be approximate" *(Matter of L & M Co. v New York State Dept. of Labor,* 171

AD2d 795; *see also, Matter of RSI Roofing v Hartnett,* 177 AD2d 885). Such evidence may be based upon the testimony of employees *(see, Matter of Mid Hudson Pam Corp. v Hartnett,* 156 AD2d 818, 821)* as an alternative method to determine the hours worked *(see, Matter of Georgakis Painters Corp. v Hartnett,* 170 AD2d 726, 728; *Matter of Mid Hudson Pam Corp. v Hartnett, supra,* at 821). Once such alternate method is employed, the burden shifts to the employer to negate the reasonableness of the Commissioner's calculations *(Matter of Georgakis Painters Corp. v Hartnett, supra; Matter of Mid Hudson Pam Corp. v Hartnett, supra).* In the record before us, it is clear that the Commissioner relied on the testimony of the six employees as well as their claim forms to determine the average work week, choosing not to credit the testimony of Raboff and the records maintained by him since he was not consistently present at the project site.

As to the hours attributed to employee Spiro Manouvelos, it is clear that the Commissioner relied upon his testimony that he did not keep any records of his hours yet he was there every day that work was performed. As much of the inconsistencies in Manouvelos' testimony noted by petitioner pertain to issues of credibility and not the reasonableness of the Commissioner's reliance on the employees' testimony and their claim forms as the basis of the calculations, we find that there is substantial evidence in the record to support the Commissioner's determination *(see, Matter of Di Maria v Ross, supra).*

Issues of credibility were similarly raised as to the proported underpayments made to employees Steven Cohen, Scott Diamond and Robert Lemmerman. Again, we find that any inconsistencies noted between their hearing testimony and statements made to the Department's investigator were issues best determined by the Commissioner *(see, supra).* Since our review of the record shows that there is substantial evidence supporting the Commissioner's calculations and that petitioner again failed to sustain its burden of negating the reasonableness thereof *(see, Matter of Naftilos Painting & Sandblasting v Hartnett,* 173 AD2d 964, 966-967), the underlying determination will not be disturbed. As to all issues concerning perjury committed by Lemmerman at the hearing, we find no evidence in the record to support such contention.

Addressing next petitioner's challenge to the Commissioner's determinations regarding job classification, it is clear that classification determinations are within his expertise *(see, Matter of L & M Co. v New York State Dept. of Labor,* 161

AD2d 919; *Matter of Nelson's Lamp Lighters v Roberts,* 136 AD2d 810, 811, *lv denied* 73 NY2d 702) and "will not be disturbed 'absent a clear showing that [the] classification does not reflect "the nature of the work actually performed" ' " *(Matter of RSI Roofing v Hartnett,* 177 AD2d 885, 886, quoting *Matter of General Elec. Co. v New York State Dept. of Labor,* 154 AD2d 117, 120, *affd* 76 NY2d 946, quoting *Matter of Kelly v Beame,* 15 NY2d 103, 109). The record reflects that the Commissioner credited the testimony of John Saporito, one of the Department's investigators, as well as the testimony of the employees as to the work actually performed. Moreover, local union representatives testified to the designations adopted by the Commissioner *(see, Matter of Georgakis Painters Corp. v Hartnett, supra,* at 728). We further find that petitioner's reliance upon the work performed by the replacement subcontractor was appropriately rejected since that subcontractor performed a different phase of the construction than that performed by Rock Hill. Accordingly, we find the determinations of job classifications supported by substantial evidence.

As to the issues raised regarding the amount of interest and penalties assessed against petitioner for underpayments attributable to Rock Hill, we find such contentions to be without merit *(see,* Labor Law § 220 [8]; *Matter of City Constr. Dev. v Hartnett,* 192 AD2d 651; *Matter of Canarsie Plumbing & Heating Corp. v Goldin,* 151 AD2d 331).

As to all other issues, we find them to be without merit.

Mikoll, J. P., Crew III, White and Yesawich Jr., JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.