■ In the Matter of WATERWAY CONSTRUCTION CORP. et al., Petitioners, v JOHN E. SWEENEY, as Commissioner of Labor, Respondent. [670 NYS2d 429] —Determination of respondent Commissioner of Labor, dated November 25, 1996, *inter alia*, finding that petitioner subcontractors willfully failed to pay prevailing wages and supplements on a public works project, and disqualifying petitioner Waterway Construction Corp. from bidding or being awarded a public works contract or subcontract for a period of five years, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (commenced in this Court pursuant to Labor Law § 220 [8]) dismissed, without costs.

We perceive no deprivation of due process or other prejudice to petitioners as a result of respondent's substitution of the Hearing Officer after the hearing had concluded, and the consequent evaluation of credibility solely on the basis of the written record (*see, Matter of Schweizer Aircraft Corp. v New York State Div. of Human Rights*, 220 AD2d 855, 856, *lv denied* 87 NY2d 805, citing *Matter of Briggs v Board of Regents*, 188 AD2d 836, 837, *lv denied* 81 NY2d 708). Nor were petitioners' due process rights violated by inclusion of evidence of work performed on subcontracts not specifically mentioned in the notice of hearing, since that notice indicated that the hearing would concern the entire project and that the Hearing Officer's report would include "any other issues raised by the testimony and evidence at the hearing". Concerning respondent's trade or occupation classifications, substantial evidence supporting them can be found in the testimony of the workers, the union representatives, and respondent's investigator, and we note our strong disinclination to disturb them (*see, Matter of General Elec. Co. v New York State Dept. of Labor*, 154 AD2d 117, 120, *affd* 76 NY2d 946). Because petitioners' records were found

to be inaccurate, respondent properly calculated the amount of underpayment using the best evidence available (*see, Matter of Agency Constr. Corp. v Hudacs*, 205 AD2d 980, 981-982), including the contractor's records (*see, Matter of Gelco Bldrs. v Holtzman*, 168 AD2d 232, 233, *lv denied* 77 NY2d 810), the testimony of employees regarding hours worked and tasks performed (*see, Matter of Marangos Constr. Corp. v New York State Dept. of Labor*, 216 AD2d 758, 759), and the testimony of respondent's investigator (*see, Matter of L & M Co. v New York State Dept. of Labor*, 171 AD2d 795). Finally, respondent's finding that petitioners, experienced public works contractors, "knew or should have known" that they were violating the prevailing wage law, and that the violation was therefore willful (*see, Matter of Marangos Constr. Corp. v New York State Dept. of Labor, supra*, at 760), is supported by substantial evidence, including that petitioners continued to adhere to their classifications after being given notice that they were improper, and thereby placed themselves in direct conflict with respondent's position (*see, Matter of Hull-Hazard, Inc. v Roberts*, 74 NY2d 710). Concur—Lerner, P. J., Sullivan, Rosenberger, Nardelli and Andrias, JJ.