■ In the Matter of ALPHONSE HOTEL CORPORATION, Trading as HOTEL CARTER, Petitioner, v JOHN E. SWEENEY, as Labor Commissioner of the State of New York, et al., Respondents. [674 NYS2d 351] —Determination of respondent State of New York Industrial Board of Appeals, dated October 2, 1996, which, after a hearing, insofar as is relevant herein, affirmed two orders of respondent Commissioner of Labor of the State of New York, dated August 5, 1994, which determined that petitioner owed $23,234.22 in minimum wages plus 16% interest per annum calculated to the date of the order and assessed a $5,800 penalty, and imposed a $2,000 penalty pursuant to article 19 of the Labor Law for failing to keep and furnish true and accurate payroll records for each employee, unanimously confirmed, the petition brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Louis York, J.], entered January 22, 1997) denied and the proceeding dismissed, without costs.

It is well settled that where, as in this case, the employer's

records are found to be inadequate or inaccurate, the Department of Labor may use "other evidence" to calculate the amount of wage underpayment, even though the results may be approximate, and that such other evidence may include the testimony of employees regarding hours worked and tasks performed (*Matter of Waterway Constr. Corp. v Sweeney*, 248 AD2d 256; *Matter of Marangos Constr. Corp. v New York State Dept. of Labor*, 216 AD2d 758, 759; *Matter of Agency Constr. Corp. v Hudacs*, 205 AD2d 980, 981-982). Thus, here, respondent's determination was permissibly based upon the testimony of the claimants, Labor Department investigators and other hearing witnesses respecting the work of petitioner's employees, and that evidence is clearly substantial within the meaning of CPLR 7803 (4) (*see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights*, 45 NY2d 176, 179-181; *Matter of Hy-Tech Coatings v New York State Dept. of Labor*, 226 AD2d 378). Indeed, as the Industrial Board of Appeals concluded, the record of the hearings made out two classic examples of "off the books" employment. This conclusion is not impaired in the present context by petitioner's challenge to the credibility of the witnesses or the "reasonableness" of their testimony, since an article 78 court may not weigh the evidence or reject the administrative agency's determination of credibility (*Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444; *Matter of Saitanis Enters. v Hines*, 201 AD2d 738, *lv denied* 85 NY2d 806).

We have considered petitioner's other arguments and find them to be without merit. Concur—Milonas, J. P., Nardelli, Wallach and Saxe, JJ.