■ In the Matter of SHARON PRICE, Petitioner, v PROPERTY CLERK OF NEW YORK CITY POLICE DEPARTMENT et al., Respondents. [903 NYS2d 142]—

Proceeding pursuant to CPLR article 78 to review a determination of the New York City Office of Administrative Trials and Hearings dated December 12, 2008, which, after a post-seizure vehicle retention hearing, directed the retention of the petitioner's vehicle.

Adjudged that the determination is confirmed, the petition is

denied, and the proceeding is dismissed on the merits, with costs.

Sean Price (hereinafter Price), the petitioner's 30-year-old son, allegedly drove a 2008 Dodge Charger (hereinafter the Dodge), owned by and registered to the petitioner, to travel to his girlfriend's home in violation of an order of protection. When the police attempted to arrest Price, he entered the vehicle and fled the scene, running over an officer's foot in the process. Price proceeded onto the Van Wyck Expressway, where he drove in and out of traffic at a high rate of speed before he was ultimately apprehended. Based on these alleged acts, Price was charged with reckless endangerment, assault on a police officer, criminal contempt, and resisting arrest. The police seized the Dodge, and the Property Clerk of the New York City Police Department (hereinafter the property clerk) retained it as an instrumentality of the alleged crimes subject to forfeiture under Administrative Code of the City of New York § 14-140. Following a postretention hearing, also known as a *Krimstock* hearing (*see Krimstock v Kelly,* 306 F3d 40 [2002], *cert denied* 539 US 969 [2003]) before the New York City Office of Administrative Trials and Hearings (hereinafter OATH), the OATH administrative law judge (hereinafter the ALJ) determined that the property clerk was entitled to retain the Dodge. The ALJ found that while the petitioner was unaware that the Dodge would be used in the commission of a crime, which would otherwise entitle her to retain the vehicle as innocent owner (*see Matter of Property Clerk of Police Dept. of City of N.Y. v Plaskett,* 40 AD3d 231 [2007]), that defense was unavailable to her, as Price was the beneficial owner of the Dodge. The petitioner commenced this CPLR article 78 proceeding challenging that determination.

At a *Krimstock* hearing, the ALJ is to consider three issues: whether probable cause existed for the arrest of the vehicle operator; whether it is likely that the City will prevail in an action to forfeit the vehicle; and whether it is necessary that the vehicle remain impounded in order to ensure its availability for a judgment of forfeiture (*see Property Clerk of Police Dept. of City of N.Y. v Harris,* 9 NY3d 237, 241 n 3 [2007]; *Krimstock v Kelly,* 2007 US Dist LEXIS 82612, *2 [SD NY 2007]). The property clerk bears the burden of proof on these three issues by a preponderance of the evidence (*see Property Clerk of Police Dept. of City of N.Y. v Harris,* 9 NY3d at 240-241; *Krimstock v Kelly,* 2007 US Dist LEXIS 82612, *2-3). However, as to the issue of innocent ownership, Administrative Code of the City of New York § 14-140 does not specify whether it is a defense or an affirmative defense (*see Krimstock v Kelly,* 306 F3d at 57 n 18). In

the past, based on *Property Clerk, N.Y. City Police Dept. v Pagano* (170 AD2d 30 [1991]), OATH has placed the burden on the property clerk to disprove, when raised, innocent ownership as part of the second prong of the *Krimstock* test (*see Matter of Police Dept. v Wollmer*, 2007 NY OATH LEXIS 227). However, in light of the Court of Appeals' decision in *Property Clerk of Police Dept. of City of N.Y. v Harris* (9 NY3d at 239, 249), that burden now lies with the purported innocent owner. Nevertheless, the property clerk may rebut the showing of innocent ownership by demonstrating that the person charged with using the vehicle as an instrumentality of the crime is the beneficial owner of the vehicle (*see Matter of Vergari v Kraisky*, 120 AD2d 739 [1986]; *Matter of Police Department v Wollmer*, 2007 NY OATH LEXIS 227).

Here, the ALJ, in effect, found that the petitioner was an innocent owner, as she did not permit or suffer the Dodge to be used in the commission of the alleged crimes (*see Property Clerk of Police Dept. of City of N.Y. v Harris*, 9 NY3d at 239 n 1). However, substantial evidence supports the ALJ's determination that Price was the beneficial owner of the Dodge. Although the Dodge is titled and registered to the petitioner, she primarily used another vehicle, making use of the Dodge only occasionally, while Price primarily used the Dodge (*see Matter of Vergari v Kraisky*, 120 AD2d at 740).

There is no merit to the petitioner's remaining contention that the determination is unsupported by substantial evidence because it is based on hearsay (*see Krimstock v Kelly*, 2007 US Dist LEXIS 82612, *3; *Matter of Saporito v Carrion*, 66 AD3d 912, 912-913 [2009]; *Matter of Lumsden v New York City Fire Dept.*, 134 AD2d 595, 595-596 [1987]). Dillon, J.P., Miller, Chambers and Lott, JJ., concur.