In the Matter of MOHAMMED ALDEEN et al., Petitioners, v INDUSTRIAL APPEALS BOARD et al., Respondents. [919 NYS2d 381]—

The determination by the State of New York Industrial Board of Appeals (hereinafter the IBA) affirming two orders of the Commissioner of the New York State Department of Labor which determined that the petitioners violated Labor Law article 19 by underpaying employees, and Labor Law article 6 by failing to keep payroll records and provide wage statements, is supported by substantial evidence (*see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 179 [1978]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230 [1974]). There is no merit to the petitioners' contention that the IBA's determination is unsupported by substantial evidence because it is based on hearsay (*see Matter of Hughes v New York State Unified Ct. Sys., Off. of Ct. Admin.*, 78 AD3d 700 [2010]; *Matter of Price v Property Clerk of N.Y. City Police Dept.*, 74 AD3d 1078, 1080 [2010]; *Matter of Lumsden v New York City Fire Dept.*, 134 AD2d 595, 596 [1987]). Contrary to the petitioners' contentions, the calculation of underpayments, for some employees, correctly included overtime at a "regular rate" (12 NYCRR 142-2.2), and a "spread of hours" bonus (12 NYCRR 142-2.4, 142-2.18). There is no merit to the petitioners' claim that the civil penalties were imposed in violation of Labor Law § 218 (1). Florio, J.P., Dickerson, Leventhal and Belen, JJ., concur.