■ In the Matter of ALBERTO BAUDO, Appellant, v NEW YORK STATE INDUSTRIAL BOARD OF APPEALS et al., Respondents. [61 NYS3d 887]—

Determination of respondent Industrial Board of Appeals (IBA), dated September 14, 2016, which, after a hearing, directed respondent Commissioner of Labor to recalculate a wage order, dated November 14, 2014, and issue an amended wage order, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Barbara Jaffe, J.], entered January 9, 2017), dismissed, without costs.

Petitioner commenced this proceeding seeking to annul a determination of the IBA, which affirmed an order of the Commissioner of Labor insofar as it directed him to pay unpaid wages, interest, and liquidated damages in regard to four former employees of a restaurant in which he formerly held an ownership interest. Petitioner bore the burden of proof to demonstrate error before the IBA (*see* 12 NYCRR 65.30; *Matter of Yick Wing Chan v New York Indus. Bd. of Appeals*, 120 AD3d 1120, 1121 [1st Dept 2014]). Where an employer fails to keep contemporaneous records of employees', inter alia, hours worked, rate of pay, and wages earned or to provide employees with wage statements showing such information with each payment of wages, the employer bears the burden of proving paid wages (Labor Law §§ 195 [3], [4]; 196-a [a]). Here, where petitioner failed to do so, the IBA is entitled to rely on other evidence, even though the results may be an approximation (*see Matter of Alphonse Hotel Corp. v Sweeney*, 251 AD2d 169 [1st Dept 1998]).

The conflict in the evidence here, including the hours worked by the claimants, presented a question of credibility, which, once resolved against petitioner, provided substantial evidence to support the IBA's findings (*see Matter of Mid Hudson Pam Corp. v Hartnett*, 156 AD2d 818, 819 [3d Dept 1989]). Other than setting forth flawed calculations based on his own testimony regarding the hours claimants worked, which fails to account for overtime and spread pay, petitioner does not identify any alleged error made by the IBA in its calculation of underpayments to claimants. Furthermore, as petitioner bore the evidentiary burden before the IBA, we reject his contention that because claimant Garcia did not testify at the hearing, his claim should have been dismissed. In this regard, we note that "[h]earsay evidence can be the basis of an administrative determination and, if sufficiently probative, it alone may constitute substantial evidence" (*Matter of Café La China Corp. v New York State Liq. Auth.*, 43 AD3d 280, 281 [1st Dept 2007] [internal quotation marks omitted]; *see Matter of Aldeen v Industrial Appeals Bd.*, 82 AD3d 1220 [2d Dept 2011]).

We have considered petitioner's remaining contentions and find them unavailing. Concur—Acosta, P.J., Friedman, Webber, Oing and Moulton, JJ.