Perez v Masonry Servs., Inc. (2020 NY Slip Op 08012)





Perez v Masonry Servs., Inc.


2020 NY Slip Op 08012


Decided on December 29, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 29, 2020

Before: Friedman, J.P., Kapnick, Webber, Kern, Singh, JJ. 


Index No. 101355/12 Appeal No. 12586 Case No. 2019-03681 

[*1]Adrian Perez et al., Plaintiffs-Respondents,
v
Masonry Services, Inc., et al., Defendants-Respondents-Appellants, Lettire Construction Corp., Defendant-Appellant-Respondent, Herrera Restoration, Inc., et al., Defendants.


The Law Offices of Martin I. Gold, New York (Martin I. Gold of counsel), for appellant-respondent.
Coburn & Greenbaum, PLLC, New York (Jonathan W. Greenbaum of counsel), for Masonry Services, Inc., and James S. Herrera, respondents-appellants.
Richman Law Firm PLLC, New York (Scott Richman of counsel), for Manuel J. Herrera, respondent-appellant.
Virginia & Ambinder, LLP, New York (Jack Newhouse of counsel), for respondents.



Judgment, Supreme Court, New York County (Arthur F. Engoron, J.), entered August 28, 2019, to the extent appealed from, awarding plaintiffs damages against defendants Masonry Services, Inc. (MSI), Manuel J. Herrera (Manuel), James Herrera (James), and Lettire Construction Corp. (Lettire) jointly and severally, unanimously affirmed, without costs.
Plaintiffs brought this action against MSI, Manuel, James, Lettire, and others, including Valley Stream Construction Corp., alleging, as third-party beneficiaries, breach of contract to pay "prevailing wages," as required by the Davis-Bacon Act (40 USC § 3142 et seq.), for work on a construction project that received federal financing. Lettire, the general contractor, cross-claimed against Valley Stream, the masonry subcontractor, for breach of contract. Shortly before trial, plaintiffs discontinued the action against all parties except Lettire and Valley Stream. After trial, the court found in favor of plaintiffs on liability. It also granted Lettire's motion to amend the pleadings to conform to the evidence and assert claims against MSI, Manuel, and James, under alter ego/veil piercing theories, while declining to permit Lettire to add cross claims for fraud and indemnification.
The trial court providently exercised its discretion in granting Lettire's motion to assert claims against MSI, Manuel, and James, under alter ego/veil piercing theories (see Matter of Morris v New York State Dept. of Taxation & Fin., 82 NY2d 135, 142 [1993]; see also Murray v City of New York, 43 NY2d 400, 404-405 [1977]). After reviewing the evidence and assessing the witnesses' credibility, the court found, and the record supports the finding, that Manuel and James treated Valley Stream and MSI as a single entity and that they abused the privilege of doing business in the corporate form to avoid paying plaintiffs prevailing wages (see Saperstein v Lewenberg, 11 AD3d 289 [1st Dept 2004]). We note that MSI, Manuel, and James have not argued that the court lacked jurisdiction to treat them as parties.
Contrary to Manuel's and James's contentions that they did not have adequate notice of the allegations of individual liability or an opportunity to defend themselves at trial, they cannot claim surprise that Lettire sought to hold MSI liable as an alter ego of Valley Stream and the two of them personally liable under a veil piercing theory (see Cotazino v Basil Dev. Corp., 167 AD2d 632, 634 [3d Dept 1990]). Plaintiffs had asserted claims against them, and others, individually, based on allegations that Manuel dominated several closely held corporations (including Valley Stream and MSI) and that the individuals operated all the corporations as a single entity. Moreover, while plaintiffs discontinued all claims but the breach of contract claim against Lettire and Valley Stream, Lettire's counsel questioned James about Manuel's involvement with MSI, including Manuel's prior guilty plea to filing a false tax return on behalf of MSI[*2], and about a prior investigation by the District Attorney's Office into whether the two of them used Valley Stream and MSI interchangeably and shared workers between them. Nor did Manuel and James show that they were "'hindered in the preparation of [their] case or prevented from taking some measure in support of [their] position'" (Kimso Apts., LLC v Gandhi, 24 NY3d 403, 441 [2014] [internal quotation marks omitted]). In fact, the parties submitted post-closing briefs on this issue and argued the merits of their claim in detail.
The record supports the court's finding that Lettire worked in concert with its codefendants to underpay plaintiffs and its rejection of Lettire's claim that its codefendants defrauded it by submitting falsified and inaccurate payroll records, especially in light of the evidence that Lettire had been served with a notice of underpayment at the beginning of the project. Thus, the court properly imposed joint and several liability on all the defendants on the breach of contract cause of action (see Ingersoll Milling Mach. Co. v. M/V Bodena, 829 F2d 293, 305 [2d Cir 1987], cert denied 484 US 1042 [1988]; Pyramid Champlain Co. v R.P. Brosseau & Co., 267 AD2d 539, 545 [3d Dept 1999], lv denied 94 NY2d 760 [2000]) and denied Lettire's motion to assert cross claims for fraud and indemnification.
The court calculated the damages award correctly. It was entitled to credit plaintiffs' testimony about the hours they worked, as Lettire had taken the position that the payroll records submitted by Valley Stream were inaccurate (see Matter of Agency Constr. Corp. v Hudacs, 205 AD2d 980, 981-982 [3d Dept 1994]; Matter of Gelco Bldrs. v Holzman, 168 AD2d 232, 233 [1st Dept 1990], lv denied 77 NY2d 810 [1991]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 29, 2020