Tierney v Miranda (2022 NY Slip Op 00452)





Tierney v Miranda


2022 NY Slip Op 00452


Decided on January 26, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 26, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
CHERYL E. CHAMBERS
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER, JJ.


2019-08680
 (Index No. 347/19)

[*1]Raymond A. Tierney, etc., appellant,
v
Nickolas Miranda, defendant, Christine Miranda, respondent.


Raymond A. Tierney, District Attorney, Hauppauge, NY (Christopher R. Turk and Joseph J. McCarthy, Jr., of counsel), appellant pro se.
James F. Misiano, P.C., Brentwood, NY, for respondent.
In an action for civil forfeiture pursuant to CPLR article 13-A, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Martha L. Luft, J.), dated May 6, 2019. The order denied the plaintiff's motion to confirm an ex parte order of attachment dated January 22, 2019, vacated the order of attachment, directed the plaintiff to return the subject vehicle to the noncriminal defendant nominee Christine Miranda, and, sua sponte, directed dismissal of the action.



DECISION & ORDER
Motion by the appellant, inter alia, for leave to appeal from so much of the order as, sua sponte, directed dismissal of the action. By decision and order on motion of this Court dated February 26, 2021, that branch of the appellant's motion which is for leave to appeal from so much of the order as, sua sponte, directed dismissal of the action was held in abeyance and referred to the panel of Justices hearing the appeal from the order for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeal, it is
ORDERED that the branch of the appellant's motion which is for leave to appeal from so much of the order as, sua sponte, directed dismissal of the action is granted; and it is further,
ORDERED that the order is modified, on the law and in the exercise of discretion, by deleting the provision thereof, sua sponte, directing dismissal of the action; as so modified, the order is affirmed, without costs or disbursements.
On January 22, 2019, the Supreme Court granted the plaintiff's motion pursuant to CPLR 1317 for an ex parte order of attachment of a 2012 Dodge Ram pickup truck (hereinafter the subject vehicle) titled and registered to the noncriminal defendant nominee Christine Miranda, as the instrumentality of an alleged assault committed by her son, the criminal defendant Nickolas Miranda.
On February 8, 2019, the plaintiff moved to confirm the order of attachment and Christine Miranda opposed the motion. On or about March 19, 2019, the plaintiff commenced this action pursuant to CPLR article 13-A for forfeiture of the subject vehicle. In an order dated May 6, [*2]2019, the Supreme Court denied the plaintiff's motion to confirm the ex parte order of attachment dated January 22, 2019, vacated the order of attachment, directed the plaintiff to return the subject vehicle to Christine Miranda, and, sua sponte, directed dismissal of the action. The plaintiff appeals.
The provisional remedies of attachment, injunction, receivership and notice of pendency are available in all actions to recover property under CPLR article 13-A (see CPLR 1312[1]; Morgenthau v Citisource, Inc., 68 NY2d 211, 218). A court may grant an application for a provisional remedy when it determines that there is a substantial probability that the claiming authority will prevail on the issue of forfeiture, that failure to enter the order may result in the property being destroyed, removed from the jurisdiction of the court, or otherwise be unavailable for forfeiture, and that the need to preserve the availability of the property through the entry of the requested order outweighs the hardship on any party against whom the order may operate (see CPLR 1312[3]; Morgenthau v Citisource, Inc., 68 NY2d at 218).
Here, the plaintiff failed to establish all of the elements of an application for provisional remedies pursuant to CPLR 1312(3). Therefore, the Supreme Court properly denied the plaintiff's motion to confirm the ex parte order of attachment dated January 22, 2019, vacated the order of attachment, and directed that the plaintiff return the subject vehicle to Christine Miranda.
However, the Supreme Court improvidently exercised its discretion in directing dismissal of the action on its own motion (see CPLR 1311[4]), as the record presents unresolved issues of fact as to whether Nickolas Miranda was the beneficial owner of the subject vehicle (see Matter of Price v Property Clerk of N.Y. City Police Dept., 74 AD3d 1078, 1080; Matter of Vergari v Kraisky, 120 AD2d 739, 740; see also Hynes v Dallas, 83 AD3d 896, 896-897). Therefore, we modify the order accordingly.
CONNOLLY, J.P., CHAMBERS, HINDS-RADIX and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court