Matter of Cha v New York State Indus. Bd. of Appeals (2022 NY Slip Op 02866)

Matter of Cha v New York State Indus. Bd. of Appeals

2022 NY Slip Op 02866

Decided on April 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 28, 2022

Before: Acosta, P.J., Manzanet-Daniels, Mazzarelli, Singh, González, JJ. 

Index No. 158439/20 Appeal No. 15830 Case No. 2021-01160 

[*1]In the Matter of Charles S. Cha, et al., Petitioners,
v
New York State Industrial Board of Appeals et al., Respondents.

Zabell & Collotta, P.C., Bohemia (Saul D. Zabell of counsel), for petitioners.
Letitia James, Attorney General, New York (Jeremy Pfetsch of counsel), for respondents.

Determination of respondents, dated August 12, 2020, which affirmed the Hearing Officer's decision to the extent of ordering compliance with articles 6 and 19 of the Labor Law and imposing a penalty, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, New York County [Arthur F. Engoron, J.], entered March 28, 2021), dismissed, without costs.
Petitioners failed to sustain their burden before the Industrial Board of Appeals (IBA) of demonstrating error in the Commissioner of Labor's order (see Matter of Baudo v New York State Indus. Bd. of Appeals, 154 AD3d 535, 536 [1st Dept 2017]). Where, as here, petitioners are found to have inadequate or unreliable records, the Department of Labor (DOL) may use other evidence to calculate the amount of wage underpayment, even though the results may be approximate, and such other evidence may include employees' accounts of the hours worked and tasks performed (id.; Matter of Alphonse Hotel Corp. v Sweeney, 251 AD2d 169, 169-170 [1st Dept 1998]).
Substantial evidence supports the IBA's conclusion that petitioners' records were unreliable (see 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 77 NY2d 411, 417 [1991]). The evidence presented at the hearing established not only that petitioners' records omitted required information, but also that they contained inconsistent and erroneous information. The IBA therefore rationally relied on the employees' accounts of the hours worked to calculate the amount of wage underpayment (Baudo, 154 AD3d at 536). Similarly, substantial evidence supports the IBA's determination that petitioners failed to prove a good-faith basis to believe that the underpayments complied with the law (Labor Law §§ 198[1-a], 218). We find no basis to disturb the IBA's credibility determinations.
A civil penalty was appropriate, and also supported by substantial evidence. Petitioners' argument that respondents failed to properly consider and weigh the criteria set forth in Labor Law § 218(1) was not raised in the petition and is therefore waived (see Labor Law § 101[2]). In any event, the record establishes that respondents did, in fact, consider the statutory criteria. Further, the sanction imposed is not disproportionate to the offense and did not violate either the excessive fines clauses of either the United States Constitution or the New York State Constitution (see Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scardsdale & Mamaroneck, Westchester County, 34 NY2d 222, 240 [1974]; Prince v City of New York, 108 AD3d 114, 119, 121 [1st Dept 2013]).
The IBA also correctly imposed interest on the unpaid wages, which it was obliged to do at the statutory rate (see Labor Law § 219[1]; Banking Law § 14-a; Matter of Marchionda v Industrial Bd. of Appeals of State of N.Y., Dept. of Labor, 119 AD3d 1342, 1343 [4th Dept 2014]). As to petitioners' contention that interest [*2]should be stricken because of DOL's alleged delay in bringing the hearing, they failed to preserve that argument (see Matter of Curry v New York City Hous. Auth., 161 AD3d 578, 579 [1st Dept 2018]).
We have considered petitioners' remaining contentions and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 28, 2022