Matter of Tak Yuet Kong v Commissioner of Labor (2023 NY Slip Op 00730)

Matter of Tak Yuet Kong v Commissioner of Labor

2023 NY Slip Op 00730

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Kern, J.P., Singh, Shulman, Pitt-Burke, Higgitt, JJ. 

Index No. 158074/20 Appeal No. 17271 Case No. 2021-03811 

[*1]In the Matter of Tak Yuet Kong et al., Petitioners,
v
The Commissioner of Labor et al., Respondents.

Law Offices of Vincent S. Wong, New York (Eugene Kroner of counsel), for petitioners.
Letitia James, Attorney General, New York (Lawrence J. Reina of counsel), for respondents.

Determination of respondents, dated June 24, 2020, which affirmed the Hearing Officer's decision to the extent of ordering compliance with article 19 of the Labor Law and imposing a penalty, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, New York County [Arthur F. Engoron, J.], entered July 2, 2021), dismissed, without costs.
Petitioners failed to sustain their evidentiary burden before the Industrial Board of Appeals (IBA) of showing error in the Commissioner of Labor's findings (see Matter of Baudo v New York Indus. Bd. of Appeals, 154 AD3d 535, 536 [1st Dept 2017]). Substantial evidence supports the IBA's conclusion that petitioner Tak Yuet Kong was an employer, as shown by petitioners' own pleadings and hearing testimony from one of the wage claimants, as well as the testimony from petitioner Yu Fu Zhang (see Romero v Martinez, 280 AD2d 58, 61 [1st Dept 2001], lv denied 96 NY2d 721 [2001]).
Substantial evidence also supports the IBA's determination on petitioners' violations of the Labor Law. The IBA properly weighed petitioners' timesheet evidence, which was intended to show their compliance with the record-keeping requirements of Labor Law § 661, and determined that the timesheets were insufficient to show compliance with the requirement that employers keep contemporaneous and accurate payroll records showing, for each week worked, the hours worked and the rates of pay (see Matter of Ramirez v Commissioner of Labor of State of N.Y., 110 AD3d 901, 901 [2d Dept 2013]). Indeed, the timesheets are inconsistent with Zhang's testimony regarding how many hours each claimant worked. Moreover, since petitioners failed to provide credible evidence of the required records, the IBA properly relied on the claimants' accounts of the hours worked to calculate the wage underpayment (see Cha v New York State Indus. Bd. of Appeals, 204 AD3d 602, 603 [1st Dept 2022]).
IBA properly assessed civil penalties, which were also supported by substantial evidence, as petitioners failed to show a good-faith basis for believing that their actions complied with the Labor Laws. Likewise, the IBA correctly assessed interest at the statutory rate (id. at 603-604).
We reject petitioners' due process claims, as they were afforded multiple de novo hearings with the opportunity to submit evidence and call witnesses (see Matter of Daxor Corp. v State of N.Y Dept. of Health, 90 NY2d 89, 98 [1997], cert denied 523 US 1074 [1998]; Matter of Cadman Plaza N. v New York City Dept. of Hous. Preserv. & Dev., 290 AD2d 344, 344 [1st Dept 2002]). Furthermore, petitioners never raised objections at the hearings to the admissibility of the claimant's testimony, nor did they
contend at the hearings that the Cantonese interpreter had made errors in translating the testimony (see Matter of Hamilton v Goord, 32 AD3d 642, 643 [3d Dept 2006]). THIS CONSTITUTES THE DECISION AND ORDER[*2]
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023