Matter of Eliachov v Reardon (2023 NY Slip Op 06475)

Matter of Eliachov v Reardon

2023 NY Slip Op 06475

Decided on December 19, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 19, 2023

Before: Kapnick, J.P., Kennedy, Rodriguez, Pitt-Burke, Rosado, JJ. 

Index No. 151067/22 Appeal No. 1247 Case No. 2022-04930 

[*1]In the Matter of Igor Eliachov et al., Petitioners,
v
Roberta Reardon, Commissioner of Labor, Industrial Board of Appeals, Respondents.

Garry Pogil, New York, for petitioners.
Letitia James, Attorney General, New York (Donya Fernandez of counsel), for respondents.

Determination of respondents, dated December 22, 2021, which affirmed the Hearing Officer's decision to the extent of ordering compliance with article 19 of the Labor Law and imposing a penalty, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order, Supreme Court, New York County [Shlomo Hagler, J.], entered July 5, 2022), dismissed, without costs.
Petitioners failed to sustain their burden before the Industrial Board of Appeals (IBA) that respondent Commissioner of Labor's Order to Comply was invalid or unreasonable (see Matter of Baudo v New York State Indus. Bd. of Appeals, 154 AD3d 535, 536 [1st Dept 2017]). The IBA's determination that the claimant was an employee of petitioners rather than an independent contractor is supported by substantial evidence, including testimony showing that he worked a regular schedule at petitioners' restaurant nearly every day of the week, he was managed by the restaurant's general manager, and he was told he had to clock in and out (see Bynog v Cipriani Group, 1 NY3d 193, 198 [2003]; see also Matter of Empire State Towing & Recovery Assn., Inc. [Commissioner of Labor], 15 NY3d 433, 437 [2010]). The IBA reasonably found that these factors, along with testimony showing that the claimant established his LLC at the request of petitioners, outweighed the fact that he was not provided with a uniform or other fringe benefits. We find no basis to disturb the IBA's credibility determinations (see Matter of Cha v New York State Indus. Bd. of Appeals, 204 AD3d 602, 603 [1st Dept 2022]).
Substantial evidence also supports the IBA's determination on petitioners' violations of the Labor Law (see Matter of Tak Yuet Kong v Commissioner of Labor, 213 AD3d 457, 458 [1st Dept 2023]). Petitioners admittedly had no records of the actual hours and days worked by the claimant for the period he was employed by them, and neither petitioner Igor Eliachov's testimony nor the timesheets provided are sufficient to show that such records were kept (see e.g. id.). Since petitioners failed to provide credible evidence of the required records, the IBA properly relied on the claimant's accounts of the hours worked to calculate the wage underpayment (see Matter of Tak Yuet Kong, 213 AD3d at 458; Cha, 204 AD3d at 603). Finally, the IBA properly assessed civil penalties, which are also supported by substantial evidence, as petitioners failed to show a good-faith basis for believing that their actions complied with the Labor Law (see Matter of Tak Yuet Kong, 213 AD3d at 458). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 19, 2023