Matter of Charan Elec. Enters., Inc. v Office of the Comptroller (2025 NY Slip Op 01769)

Matter of Charan Elec. Enters., Inc. v Office of the Comptroller

2025 NY Slip Op 01769

Decided on March 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 25, 2025

Before: Webber, J.P., Friedman, Mendez, Shulman, Higgitt, JJ. 

Index No. 2174/21|Appeal No. 3966|Case No. 2024-00118|

[*1]In the Matter of Charan Electrical Enterprises, Inc., et al., Petitioners,
v
Office of the Comptroller, Respondent.

Tarter Krinsky & Drogin LLP, New York (Laurent S. Drogin of counsel), for petitioners.
Muriel Goode-Trufant, Corporation Counsel, New York (Jennifer Lerner of counsel), for respondent.

Determination of respondent Office of the Comptroller of the City of New York, dated September 26, 2023, which, after a hearing, found that petitioners violated the prevailing wage laws, willfully failed to pay prevailing wages and supplement benefits to two employees and deliberately falsified payroll records, and deemed them ineligible to bid on or be awarded any public work contract in New York state or any municipal contract within the state for a five-year period pursuant to Labor Law § 220-b, and directed payment of an assessment and penalty pursuant to Labor Law § 220(8), unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, Appellate Division, Third Department, entered December 21, 2023), dismissed, without costs.
Respondent's determination is supported by substantial evidence in the record (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights, 45 NY2d 176, 180 [1978]). Respondent had ample reason for crediting the testimony of the two complainants concerning the work they performed which qualified for prevailing wages, and petitioners failed to establish any basis to disturb respondent's credibility determinations (see Matter of Berenhaus v Ward, 70 NY2d 436, 443-444 [1987]). There was also substantial evidence in the record to support the finding that petitioners willfully failed to pay prevailing wages (see Matter of Central City Roofing Co., Inc. v Musolino, 136 AD3d 1186, 1187 [3d Dept 2016]).
In light of petitioners' failure to maintain adequate records, respondent had a rational basis for calculating the underpayment based on the best available evidence, and petitioners failed to establish any basis to negate the reasonableness of the calculations (see Matter of Gelco Bldrs. v Holtzman, 168 AD2d 232, 233 [1st Dept 1990], lv denied 77 NY2d 810 [1991]).
The five-year bar on petitioners' participation in any public work contract bidding is mandated by the applicable statute (see Labor Law § 220-b[3][b][1]; see also Matter of Astoria Gen. Constr. Corp. v Stringer, 169 AD3d 408, 409 [1st Dept 2019]). In any event, the penalties and sanction imposed do not shock the conscience and are not disproportionate to the offenses. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 25, 2025