RICHARD WHITTEN, Petitioner, v RAYMOND P. MARTINEZ, as Commissioner of the Department of Motor Vehicles of the State of New York, et al., Respondents. [808 NYS2d 600]—

Determination of respondent Department of Motor Vehicles, dated January 20, 2004, finding petitioner guilty of operating a motor vehicle without wearing either a lap belt or shoulder harness in violation of Vehicle and Traffic Law § 1229-c (3), and imposing a $70 fine, confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Edward H. Lehner, J.], entered August 12, 2004) dismissed, without costs.

The determination is supported by substantial evidence, namely, the police officer's testimony that when he pulled petitioner's car over, he saw that petitioner was not wearing either a lap belt or a shoulder harness. Petitioner's testimony that he was wearing a lap belt raised an issue of credibility that was properly resolved by the Administrative Law Judge, who specifically found that "the officer established the case by clear and convincing evidence" (*see Matter of Grossberg v Christian*, 245 AD2d 118 [1997]).

The dissent's conclusion that the Administrative Law Judge misapplied the applicable law and erred in failing to specifically find that petitioner's lap belt was unfastened, and that the Appeals Board disregarded such error, is belied by the record and misconstrues this Court's review function.

This proceeding was transferred to this Court not for a de novo consideration of the evidence and arguments raised before the Administrative Law Judge, but to determine whether the Appeals Board determination is supported by substantial evidence. Substantial evidence is defined as "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*300 Gramatan Ave. Assoc. v State*

*Div. of Human Rights*, 45 NY2d 176, 180 [1978]). This Court's scope of review is limited to an assessment of whether there is a rational basis for the administrative determination. "Rationality is what is reviewed under both the substantial evidence rule and the arbitrary and capricious standard" (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 231 [1974]).

As to the sufficiency of the Administrative Law Judge's finding, Vehicle and Traffic Law § 228 (9) (b) specifically provides that for purposes of review pursuant to CPLR article 78, "a statement by the hearing officer at the conclusion of the hearing indicating that the charges have been sustained and announcing the penalty imposed, together with a summary of the reasons the appeal was denied by the appeals board, shall constitute sufficient findings for the purpose of such review."

In affirming petitioner's conviction, the Appeals Board specifically found that petitioner's argument with respect to the applicable law and his reliance on the two cited cases are of no import inasmuch as the officer clearly testified that petitioner was not wearing either a lap belt or shoulder harness and that there was no claim by the officer that he was wearing one but not the other. The Appeals Board found that, to the extent that petitioner's testimony or other evidence differed from the officer's, a question of credibility was raised. It correctly concluded that the Administrative Law Judge who saw and heard the witnesses was in the best position to determine credibility and found no reason to disturb her assessment of credibility. The Appeals Board further stated that petitioner's other arguments, which it had earlier summarized, had been considered and found to be without merit in that they do not negate any prima facie elements of the violation; that review of the hearing transcript reveals no fundamental due process errors; and that in any event, there was credible evidence to support the conviction.

The Appeals Board clearly considered the question of whether the Administrative Law Judge correctly applied the law as well as her assessment of conflicting testimony, and its determination cannot be said to be irrational. As this Court has recently stated, an administrative finding, "if supported by substantial evidence, is beyond further judicial review even if there is some evidence in the record indicating a contrary conclusion" (*Matter of Schwartzman v Tax Appeals Trib. of City of N.Y.*, 7 AD3d 449, 450 [2004], *lv denied* 4 NY3d 709 [2005]). We have considered petitioner's other arguments and find them unavailing. Concur—Mazzarelli, J.P., Andrias, Ellerin and Gonzalez, JJ.

McGuire, J., dissents in a memorandum as follows: I respectfully dissent. At the hearing, the police officer ultimately (but not initially) testified that petitioner was not wearing either the lap belt or the shoulder harness. Petitioner adamantly insisted in his sworn testimony that although the shoulder harness mechanism was broken the lap belt was buckled. If the Administrative Law Judge had resolved this factual dispute, a pure question of credibility, with a finding that the lap belt was not buckled, this Court would be obligated to confirm the Appeals Board's determination upholding the conviction.

No fair reading of the hearing transcript, however, supports the proposition that such a finding was made, either explicitly or implicitly. To the contrary, the transcript makes clear the Administrative Law Judge misapprehended the governing law. In response to petitioner's reliance on case law holding that he could not be convicted if either the shoulder harness or the lap belt were buckled, the Administrative Law Judge unequivocally stated on two occasions that the law "ha[d] changed" and went on to explain that petitioner was required by law to "wear the lap belt and the shoulder harness." Indeed, the Administrative Law Judge's statements that the law "has changed" were made as she was rebuffing petitioner's attempts to "call [her] attention" to specific decisions supporting his position that he could be found guilty only if neither the shoulder harness nor the lap belt were fastened. With respect to one such decision, the Administrative Law Judge said: "What does this stand for? Oh, this is an old one. This is an old case. The law has changed since then."

Although the law had changed, as respondent concedes, the change occurred only after the date petitioner received the summons.* On that date, a motorist could not be convicted unless both the lap belt and the shoulder harness were not buckled (*People v Cucinello*, 183 Misc 2d 50, 51 [1999]). If the Administrative Law Judge had said nothing about the law's requirements on the date in question, this Court properly would assume that she correctly understood the law. That is because the pronouncement "I find the officer established the case by clear and convincing evidence" could be viewed as an implicit finding that petitioner had not buckled both the shoulder harness and the lap belt. However, the Administrative Law Judge's express

---

* Chapter 546 of the Laws of 2002 amended Vehicle and Traffic Law § 1229-c by adding a new subdivision (3-a) requiring that both a lap belt and a shoulder harness be utilized when a vehicle is equipped with both; chapter 546 was effective on November 16, 2002, a little more than a month after petitioner received the summons.

misstatement of the law renders this pronouncement equivocal at best. That is, the Administrative Law Judge well may have found petitioner guilty on the basis of the conceded fact that the shoulder harness was not buckled, without making any finding on the essential fact of whether the lap belt was buckled.

Nor would it be reasonable to construe the Administrative Law Judge's statement that the law "has changed" as a mere point of information, a kind but irrelevant aside meant perhaps to expand petitioner's horizons on developments in the law. The only alternative interpretation of the statement—that the Administrative Law Judge misapprehended the law to petitioner's detriment—is more reasonable even disregarding its context, and much more reasonable in context. After all, following the testimony, and immediately after the Administrative Law Judge stated that the "officer established the case by clear and convincing evidence," petitioner asked about both "the basis of that law change" and "the date of the law change." In response, the Administrative Law Judge stated expressly but erroneously what was implicit in her earlier statements: "You have to wear the lap belt and the shoulder harness." In other words, the Administrative Law Judge did not explain to petitioner that his testimony was inaccurate or untruthful; instead, she effectively explained that she did not need to resolve that issue.

This case is indistinguishable from *People v Flynn* (79 NY2d 879 [1992]). There, the trial court's erroneous instructions on the law effectively eliminated one element of the crime charged. If "the jury believed" the defendant's testimony on this element, it "could have found him not guilty of the Vehicle and Traffic Law charge" (*id.* at 882). The defendant's alleged concession relating to this element was of no legal moment. Reversal was required, "because '[n]o matter how conclusive the evidence . . . each of the . . . fundamental facts [is] for the jury to pass upon' " (*id.* at 881, quoting *People v Lewis*, 64 NY2d 1031, 1032 [1985]). Here, the Administrative Law Judge's erroneous statement of the governing law is equivalent to the erroneous jury instruction in *Flynn*. If the Administrative Law Judge believed petitioner's testimony that the lap belt was fastened, she could not have found him guilty.

The limited scope of review on this appeal does not require this Court to do what the Appeals Board did, disregard the Administrative Law Judge's error. To be sure, there was substantial evidence, namely, petitioner's own testimony, to support a finding that petitioner was not wearing the shoulder harness. Even assuming what well may be fair to assume on this

record, that the Administrative Law Judge implicitly made such a finding, that alone would not be sufficient to establish petitioner's guilt. Similarly, there was substantial evidence, namely, the officer's testimony, to support a finding that petitioner did not have the lap belt buckled. But the Administrative Law Judge never made this essential finding, either expressly or implicitly, because she erroneously believed it was unnecessary.

The existence of substantial evidence for an essential finding that was not made cannot have any legitimate claim on this Court (*see Matter of Deutsch v Catherwood*, 31 NY2d 487, 491 [1973] ["(a)bsent (certain) findings and conclusions, a proper basis for a determination as to whether there was substantial evidence to support a recovery, would rest on pure speculation"]; *cf. Matter of Lee TT. v Dowling*, 87 NY2d 699, 710-712 [1996] [affirming grant of article 78 petition where administrative determination was premised on standard of proof lower than constitutionally required]).

The majority stresses the Administrative Law Judge's statement that "the officer established the case by clear and convincing evidence," but ignores both her statement that petitioner was required to "wear the lap belt and the shoulder harness" and her twice-repeated statement that the law "ha[d] changed." What the majority fails to appreciate is that these latter statements about the governing law make the former statement meaningless. The only reasonable view of the record is that the Administrative Law Judge erroneously believed that "the case" was "established" merely on the basis of the testimony that the shoulder harness was not fastened. To put the point more starkly, presumably the majority would be of a different view if the Administrative Law Judge had expressly stated the following to petitioner: "The case against you can be established by clear and convincing evidence that either the shoulder harness or the lap belt was not fastened." The repeated statements that the Administrative Law Judge actually made cannot plausibly be distinguished from this hypothetical statement; the majority does not and cannot give them a benign construction.

To repeat, the existence of substantial evidence for an essential finding there is every reason to believe was never made is irrelevant. For the reasons stated above, I cannot ignore the Administrative Law Judge's erroneous and unambiguous statement of the law—which amounts to a retroactive application of chapter 546 that is contrary to the express terms of that statute—simply because the Appeals Board ignored it. No decision cited by the majority supports that curious proposition. More-

over, the controlling statute undercuts the majority's position for it recognizes that a question that may be raised in this proceeding is whether the determination under review "was affected by an error of law" (CPLR 7803 [3]).

Accordingly, I would annul the determination of the Appeals Board, and direct that the fine be remitted if paid and remand the matter for a new hearing.