■ In the Matter of Astoria General Contracting Corp. et al., Petitioners, v Scott Stringer et al., Respondents. [42 NYS3d 120]—

Determination of the Office of the Comptroller of the City of New York (Comptroller), dated September 2, 2015, adopting in its entirety the report and recommendation of an administrative law judge, dated July 20, 2015, following a hearing, which found that petitioners (AGC) falsified relevant payroll records and willfully failed to pay prevailing wages to three employees, and recommended that AGC be barred from bidding on public contracts for a period of five years, and be required to pay the three employees unpaid wages of $735,185.21, plus sixteen percent interest, as well as a twenty-five percent civil penalty, for a total sum of $1,158,168.11, unanimously modified, on the law, to vacate the calculation of the amount of the underpaid wages, interest, and penalty, the matter remanded for further proceedings to recalculate the amount of the underpaid wages, interest, and penalty, and otherwise confirmed, without costs.

When reviewing whether an administrative agency's determination was supported by substantial evidence, the touchstone of our review is whether there was a rational basis underlying the determination (*see Whitten v Martinez*, 24 AD3d 285, 286 [1st Dept 2005]). Here, initially we agree with the Comptroller that substantial evidence supported the determination that AGC falsified payroll records and willfully failed to pay prevailing wages to the three employees. However, the determination that the three employees were underpaid a sum of $735,185.21 does not find support in the record.

AGC entered into three contracts with the Department of Education to repair and install metal shutters for various schools over a period of five years. Under the terms of the agreements, AGC would receive $150,000 annually for five years. The contracts required AGC to pay its workers prevailing wages, based upon a schedule of prevailing wages annexed to the contracts.

This proceeding centers around whether AGC underpaid its three employees during the final two years of the contracts. To determine the underpaid wages, the Comptroller first calculated the amount of hours each employee worked during those two years, and next calculated the total prevailing wages for each employee. The Comptroller then subtracted the wages AGC actually had paid the three employees over the two years and determined that AGC had underpaid its three employees $735,185.21.

AGC persuasively asserts that it was irrational for the Comptroller to determine that AGC's employees, to fulfill a contract for which AGC received a total of $300,000, worked sufficient hours to require wages of $735,185.21, in addition to the amounts they were actually paid by AGC. Even if AGC had entered into a bad deal with the DOE, it stretches the limits of credulity to believe that the three employees worked sufficient hours to be contractually entitled to wages greater than twice the total consideration received by AGC. Accordingly, we remand this proceeding to the Comptroller for a new calculation of the three employees' underpaid wages that is supported by substantial evidence. Concur—Friedman, J.P., Sweeny, Saxe, Kapnick and Gesmer, JJ.