Matter of Anonymous v Poole (2018 NY Slip Op 04833)





Matter of Anonymous v Poole


2018 NY Slip Op 04833


Decided on June 28, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2018

Acosta, P.J., Sweeny, Webber, Kahn, Oing, JJ.


7005 101578/17

[*1]In re Anonymous, etc., Petitioner,
v
Sheila J. Poole, etc., et al., Respondents.


Patterson Belknap Webb & Tyler, LLP, New York (Isaac J. Weingram of counsel), for petitioner.
Eric T. Schneiderman, Attorney General, New York (Judith Vale of counsel), for Sheila J. Poole, respondent.



Determination of respondent Office of Children and Family Services (OCFS), dated July 12, 2017, insofar as it found, based on a fair preponderance of the evidence following a hearing, that petitioner mother had maltreated her one-year-old son, and denied her request to amend a report in the Statewide Central Register for Child Abuse (SCR) from "indicated" to "unfounded," unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Carol R. Edmead, J.], entered February 1, 2018), dismissed, without costs.
Substantial evidence supports OCFS's determination that the mother maltreated her one-year-old son when during a domestic dispute she drove down the street with the child, who was being held by the father, on top of her vehicle's hood (see Family Court Act § 1012[f][i][B]; 18 NYCRR § 432.1[b][1][ii]; Whitten v Martinez, 24 AD3d 285, 286 [1st Dept 2005]). Generally, an evaluation of the reasonableness of a defendant driver's reaction to an emergency situation will be left to the trier of fact (Maisonet v Roman, 139 AD3d 121, 125 [1st Dept 2016], appeal dismissed 27 NY3d 1062 [2016]). Taking all the facts and circumstances into account, OCFS properly determined that the mother's conduct and judgment fell short of objectively acceptable standards (Matter of Afton C. [James C.], 17 NY3d 1, 9 [2011]).
Nicholson v Scoppetta (3 NY3d 357, 368 [2004]) has limited applicability here, and the mother's reliance on this case does not change the result. In Nicholson, the Court explained that whether a domestic violence victim has failed to exercise a minimum degree of care will always turn on "whether she has met the standard of [a] reasonable and prudent person in similar circumstances" (id. at 370-371). OCFS engaged in this analysis, taking into account "the severity and frequency of the violence, and the resources and options available to [the mother]" (Nicholson, 3 NY3d at 371). OCFS rationally concluded that the
mother had not acted reasonably in this situation.
We have considered the mother's remaining contentions, and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 28, 2018
CLERK