Astoria Gen. Contracting Corp. and Dimitrios Koutsoukos v. City of New York Office of the Comptroller, et. al.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of October, two thousand eighteen.

PRESENT:  JOHN M. WALKER, JR.,
DENNIS JACOBS,
GUIDO CALABRESI,
     <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - - -X
ASTORIA GENERAL CONTRACTING CORP. AND
DIMITRIOS KOUTSOUKOS,
     <u>Plaintiffs-Appellants</u>,

     -v.-                                             17-3917

CITY OF NEW YORK OFFICE OF THE
COMPTROLLER, SCOTT M. STRINGER, AS
COMPTROLLER OF THE CITY OF NEW YORK,

1

**JOHN C. LIU, AS FORMER COMPTROLLER, SAMUEL PEPPER, AS WAGE INVESTIGATOR, NEW YORK CITY DEPARTMENT OF EDUCATION, DAVID N. ROSS, AS EXECUTIVE DIRECTOR OF THE NEW YORK CITY DEPARTMENT OF EDUCATION, JAY MILLER, JOHN SHEA, JOSE QUIROZ, JOHNNY CISNEROS, THOMAS FENNELL AND VOLKERT BRAREN,**

**Defendants-Appellees,**

- - - - - - - - - - - - - - - - - - - -X

FOR PLAINTIFFS-APPELLANTS:          JOSEPH O. GIAIMO, Giaimo Associates, LLP; Manhasset, NY.

FOR DEFENDANTS-APPELLEES          ELINA DRUKER, Assistant Corporation Counsel (Richard Dearing, of Counsel, on the brief), for Zachary W. Carter, Corporation Counsel of the City of New York; New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court is **AFFIRMED**.

Astoria General Contracting Corp. ("Astoria General") and Dimitrios Koutsoukos appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, J.) dismissing for failure to state a claim their complaint alleging substantive and procedural due process violations by municipal authorities. The claim for money damages was dismissed on the grounds of issue and claim preclusion; the claims for injunctive and declaratory relief were dismissed pursuant to Younger abstention. We assume the parties'

2

familiarity with the underlying facts, the procedural history, and the issues presented for review.

Astoria General, a general contractor wholly-owned by Koutsoukos, entered into three contracts in 2007 with the Department of Education ("DOE") to repair and install rolling doors in public schools throughout New York City. In 2012, Johnny Cisneros, a wage investigator for the DOE, began investigating the company. The DOE concluded that Astoria General had breached various contractual provisions (including those that required Astoria General to pay prevailing wages) and terminated the contracts. During the investigation, the Comptroller directed DOE to withhold over $1 million in payments due to Astoria General. Plaintiffs allege that Cisneros induced three employees to sign false wage complaints by threatening their jobs and promising payments to them out of funds withheld from Astoria General.

The DOE referred the prevailing wage law violation to the Comptroller, which commenced administrative proceedings under Labor Law § 220. After a hearing before the New York City Office of Administrative Trials and Hearings, the administrative law judge ("ALJ") found that Plaintiffs had violated the prevailing wage law and falsified payroll records. Astoria Gen. Contr. Corp., OATH Index No. 1257/14 at *31–32 (July 20, 2015). The Appellate Division, First Department affirmed the decision in relevant part. Matter of Astoria Gen. Contr. Corp. v. Stringer, 144 A.D.3d 603 (1st Dep't 2016).

With payments from DOE withheld, Astoria General defaulted on its payments to a subcontractor, Gym Door Repairs, Inc., which sued Astoria General. Astoria General and Koutsoukos in turn filed a third-party complaint against DOE and its executive director, David Ross, alleging (inter alia) that the DOE violated their due process rights under the Fourteenth Amendment and Article I, Section 6 of the New York State Constitution. The state trial court dismissed the due process claim, Gym Door Repairs, Inc. v. Astoria Gen. Contr. Corp., 2014 N.Y. Misc. LEXIS 33758, at *3 (Sup. Ct. Queens Co. June 30, 2014), and the Appellate Division, Second Department affirmed in relevant part, Gym Door Repairs, Inc. v. Astoria Gen. Contr. Corp., 144 A.D.3d 1093 (2d Dep't 2016).

3

While the administrative and state court actions were pending, Plaintiffs brought this action pursuant to 42 U.S.C. §§ 1983 and 1988 asserting procedural and substantive due process claims under the Fourteenth Amendment. The procedural due process claim alleged that Defendants "unlawfully and fraudulently conspired to terminate plaintiff's contracts with DOE and confiscated its funds" and "denied pre-deprivation safeguards" and adequate "post-deprivation process." Br. of Appellants 16. The substantive due process claim alleged that "defendants' actions were arbitrary and conscience-shocking." Id. Plaintiffs seek declaratory and injunctive relief, and money damages.

We review de novo the dismissal of a complaint under Federal Rule of Civil Procedure 12(b)(6), accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff. Ahlers v. Rabinowitz, 684 F.3d 53, 60 (2d Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

The doctrine of collateral estoppel bars re-litigation of a legal or factual issue that was previously decided if: "(1) the issue 'has necessarily been decided in the prior action and is decisive of the present action,' and (2) there has been 'a full and fair opportunity to contest the decision now said to be controlling.'" Giakoumelos v. Coughlin, 88 F.3d 56, 59 (2d Cir. 1996) (quoting Schwartz v. Public Administrator, 24 N.Y.2d 65, 71 (1969)).

The administrative court decision satisfies the elements of collateral estoppel and has preclusive effect. "New York courts will give administrative determinations preclusive effect if made in a quasi-judicial capacity and with a full and fair opportunity to litigate the issue." Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist., 411 F.3d 306, 312 (2d Cir. 2005). Plaintiffs' procedural and substantive due process claims hinge on the allegation that Defendants engaged in a conspiracy to target them in a prevailing wage investigation. But Plaintiffs raised the identical issue in the administrative proceeding, arguing that "the investigation was a result of a conspiracy between the DOE and the Comptroller" and that the three employees "were lying because they expected to get $300,000 each based on what Cisneros told them." Astoria Gen. Contr. Corp., OATH Index No. 1257/14 at *24–25 (July 20, 2015). Finding

4

that that the investigators were "professional and articulate" and did not "appear[] to have any personal animus or bias toward respondents," and that the employees' testimony was "generally reliable" as well as corroborated, the ALJ ruled that the "assertion that there was a conspiracy personally motivated by the investigators" was "without merit." Id. at *25–26. Plaintiffs' arguments contesting the decision's preclusive effect as to the existence of a conspiracy are without merit.

Likewise, the state court action afforded a full and fair opportunity to litigate the issue of whether Plaintiffs were deprived of adequate legal process when the DOE withheld payments and terminated the contracts. Plaintiffs raised the identical arguments that the DOE violated their due process rights "by failing to respond to a notice of protest, failing to afford [Astoria General] a hearing, and failing to produce evidence of wrongful conduct." Gym Door Repairs, Inc., 2014 N.Y. Misc. LEXIS 33758 at *3. The court ruled that there was no violation of Astoria General's due process rights because "[t]he funds allegedly owed to [Astoria General] have been withheld by the Comptroller," who was "statutorily authorized to withhold moneys due to a contractor pending an investigation regarding insufficient wages." Id. at *3–4 (internal quotation marks omitted). In affirming the dismissal, the Second Department held that "the availability of an ordinary breach of contract action is sufficient to satisfy the necessary requirements of due process." Gym Door Repairs, Inc., 144 A.D.3d at 1097. Plaintiffs' arguments disputing the preclusive effect of the state court's determination again fail.

We have considered Plaintiffs' remaining arguments and conclude that they are without any merit. The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5