Matter of Astoria Gen. Contr. Corp. v Stringer (2019 NY Slip Op 00831)





Matter of Astoria Gen. Contr. Corp. v Stringer


2019 NY Slip Op 00831


Decided on February 5, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2019

Friedman, J.P., Mazzarelli, Webber, Kern, Oing, JJ.


8316 118/17

[*1]In re Astoria General Contracting Corp., et al., Petitioners,
v
Scott Stringer, etc., et al., Respondents.


Giaimo Associates, LLP, Manhasset (Joseph O. Giaimo of counsel), for petitioners.
Zachary W. Carter, Corporation Counsel, New York (Scott Glotzer of counsel), for respondents.



Determination of respondents, dated August 9, 2017, which, on remand from this Court's order entered in a prior proceeding, modified respondents' prior determination, dated September 2, 2015, insofar as recalculating the amount of unpaid wages owed to three employees, interest, and penalty, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 dismissed, without costs.
Substantial evidence supports respondents' recalculation of the wages owed to three employees on remand from this Court's order in a prior original article 78 proceeding (Matter of Astoria Gen. Contr. Corp. v Stringer, 144 AD3d 603 [1st Dept 2016]). Petitioners are collaterally estopped by this Court's prior order, which held that substantial evidence supported the findings that petitioners falsified payroll records and willfully failed to pay prevailing wages to the three employees (see id. at 603), from challenging those findings in the instant proceeding (see generally Ryan v New York Tel. Co., 62 NY2d 494, 499-500 [1984]).
The five-year bar on petitioners' participation in any New York public work contract bidding was mandated by Labor Law § 220-b(3)(b)(1). The penalties are otherwise not shockingly disproportionate to the offenses (see Matter of Gelco Bldrs. v Holtzman, 168 AD2d 232, 233 [1st Dept 1990], lv denied 77 NY2d 810 [1991]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 5, 2019
CLERK