■ WALTER D'ULL, as Executor of FANNY D'ULL, Deceased, Appellant, v 1872 MONROE AVENUE HOUSING DEVELOPMENT FUND CORPORATION et al., Respondents.—Order of the Supreme Court, Bronx County (Hansel McGee, J.), entered on October 19, 1990, which, *inter alia,* denied plaintiff's motion for summary judgment striking the answer of defendants, is unanimously reversed on the law to the extent appealed from and the motion granted in full, with costs and disbursements.

This is an action to foreclose a mortgage on real property located in Bronx County. Pursuant to the subject mortgage, dated November 30, 1987, which secured a loan of $510,000, defendant 1872 Monroe Avenue Housing Development Fund Corporation was required to make monthly payments of $5,100 in interest and $2,550 in principal for a period commencing December 30, 1987 and ending on November 30, 1990, at which time the principal balance and accrued interest would be due and payable. There was also an acceleration clause authorizing the mortgagee to declare the whole amount due upon default in the payment of any installment of principal or interest for ten days or of any tax, water rate, sewer rent or assessment for fifteen days although another provision mandated fifteen days prior written notice before the commencement of an action to foreclose.

The record herein demonstrates that on May 19, 1989, plaintiff sent out the requisite fifteen day notice by certified mail, return receipt requested. The alleged defaults were that defendant had failed to pay the 1988-1989 water charge, the

1988-1989 sewer rent, the 1988-1989 real estate taxes, and certain specified installments of interest. Defendant tendered a check for $38,250 on July 31, 1989. By letter dated September 11, 1989, plaintiff agreed to accept this partial payment (the precise amount still outstanding was not mentioned) in consideration of which he would refrain from further legal action until October 15, 1989. On or about October 12, 1989, defendant unsuccessfully endeavored to make a payment of $7,650. Plaintiff refused to accept the check on the ground that not only had he already commenced a foreclosure action but that the sum in question was insufficient to render the mortgage current. The instant action ensued. In that regard, it should be noted that while the amended complaint itself, like the fifteen day notice, did not contain a figure as to the precise amount due and owing, plaintiff's affidavit of May 4, 1990 in support of his motion for summary judgment striking defendant's answer clearly states that a total of $68,800 had been received from defendant when, in fact, $91,800 should have been paid. Plaintiff also described the manner in which the sum of $91,800 was calculated.

Defendant, notwithstanding its claim that all monies due under the note and mortgage has been paid, has not furnished any proof substantiating its payment of the amount owed. Moreover, contrary to defendant's contention that plaintiff's letter of September 11, 1989 constituted a waiver of the purported defaults and that its acceptance of defendant's check for $38,250 was in full and complete satisfaction of any outstanding amount, this letter merely promised to delay any action until October 15, 1989. It certainly does not contain language that can conceivably be construed as a waiver of any rights. Since plaintiff provided defendant with the proper notice to cure, a fact which the record leaves in no doubt, and defendant failed to cure in full its default by the extended period ending on October 15, 1989, plaintiff's motion for summary judgment striking defendant's answer and other relief should have been granted. Concur—Murphy, P. J., Milonas, Ellerin, Ross and Rubin, JJ.