DeGraw Constr. Group, Inc. v HPDC2 Hous. Dev. Fund Co., Inc. (2020 NY Slip Op 07131)





DeGraw Constr. Group, Inc. v HPDC2 Hous. Dev. Fund Co., Inc.


2020 NY Slip Op 07131


Decided on December 01, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 01, 2020

Before: Gische, J.P., Webber, Oing, Mendez, JJ. 


Index No. 306799/12 Appeal No. 12504 Case No. 2020-00959 

[*1]DeGraw Construction Group, Inc., Plaintiff-Respondent,
v
HPDC2 Housing Development Fund Company, Inc., et al., Defendants, Joy Construction Corp., Defendant-Appellant.


Stanley Kalmon Schlein, Bronx, for appellant.
Zisholtz & Zisholtz, LLP, Garden City (Stuart S. Zisholtz of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered December 18, 2019, bringing up for review an order (same court and Justice), entered on or about December 5, 2019, which, to the extent appealed from as limited by the briefs, held, following a nonjury trial, that plaintiff DeGraw Construction Co. was entitled to breach of contract damages in the amount of $606,987.07, and that defendant Joy Construction Corp. failed to establish its counterclaim for breach of contract, unanimously modified, on the law, to award prejudgment interest to plaintiff, the case remanded to the trial court to determine the proper amount of such interest owing, and [*2]as so modified, affirmed, without costs. The appeal and cross appeal from the order are dismissed as subsumed in the appeals from the judgment.
The trial court's decision, which was based largely on credibility determinations, was supported by a fair interpretation of the evidence (DiLorenzo v Windermere Owners LLC, 174 AD3d 102, 107-108 [1st Dept 2019]). Its findings were "warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses" (id.).
Defendant does not dispute that the parties' subcontract provided that extra work might be performed or that plaintiff performed extra work. Instead, defendant takes issue with the technical aspects of approving such work in the subcontract, including the lack of documentation provided with the change orders. However, oral directions to perform extra work, or the general course of conduct between the parties may modify or eliminate contract provisions that require written authorization (Penava Mech. Corp. v Afgo Mech. Servs., Inc., 71 AD3d 493, 494 [1st Dept 2010]). The trial court properly found that the change orders were directed, authorized, and performed, and that plaintiff consented to operating outside of the subcontract's technical requirements.
The trial court also properly concluded that defendant failed to prove its counterclaim for breach of contract. Defendant maintains that there were many issues with plaintiff's work and that plaintiff anticipatorily breached the contract by walking off the job on June 28, 2012. While defendant maintains that the trial court's decision ignored substantial evidence of deficiencies, these also were largely credibility determinations that the trial court was within its province to reject (DiLorenzo, 174 AD3d at 107-108). The balance of the evidence supported the trial court's determination that plaintiff's work was performed properly and pursuant to industry standard, and that defendant hired a replacement subcontractor prior to formally terminating plaintiff or giving it an opportunity to cure any deficiencies.
Plaintiff has established that it was entitled to prejudgment interest (CPLR 5001, Hanover Data Servs., Inc. v Arcata Natl. Corp., 115 AD2d 403, 404 [1st Dept 1985], lv denied 68 NY2d 602 [1986]). Accordingly, the case is remanded to the trial court to establish a date or dates from which interest should be assessed and determine the amount of interest owing (see Seward Park Hous, Corp. v Greater N.Y. Mut. Ins. Co, 43 AD3d 23 [1st Dept 2007]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 1, 2020