National Auditing Servs. & Consulting, LLC v 511 Prop., LLC (2022 NY Slip Op 07300)

National Auditing Servs. & Consulting, LLC v 511 Prop., LLC

2022 NY Slip Op 07300

Decided on December 22, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 22, 2022

Before: Webber, J.P., Friedman, Gesmer, Shulman, Rodriguez, JJ. 

Index No. 650670/16 Appeal No. 16966-16967 Case No. 2022-00325 2022-00341 

[*1]National Auditing Services & Consulting, LLC, Plaintiff-Respondent,
v
511 Property, LLC, Defendant-Appellant. 

Law Offices of Robert M. Kaplan, White Plains (Robert M. Kaplan of counsel), for appellant.
Westerman Ball Ederer Miller Zucker & Sharfstein, LLP, Uniondale (Andrew S. Lewner of counsel), for respondent.

Judgment, Supreme Court, New York County (Richard G. Latin, J.), entered January 11, 2022, awarding plaintiff damages, and bringing up for review an order, same court and Justice, entered on or about December 23, 2021, which, after a nonjury trial, found the existence of a contract that was negotiated by the parties, that plaintiff's performance under the contract was sufficient, that defendant's breach resulted in damages, and that defendant was not fraudulently induced into entering into the subject agreement, unanimously affirmed, without costs. Appeal from the above order, unanimously dismissed, without costs, as subsumed in the appeal from the above judgment.
The parties entered into an agreement that authorized plaintiff to identify and seek "refunds" relating to, among other things, "real estate taxes" on behalf of defendant. Under the agreement, plaintiff was entitled to 25% of the total refund amount as commission for its services. Plaintiff used its proprietary software program to identify a tax refund of approximately $1.5 million owed to defendant on a tax lot owned by defendant and, upon identifying the tax refund, filed a tax refund application with the New York City Department of Finance, which issued a refund check to defendant. Defendant, however, failed to pay plaintiff its commission. Defendant does not dispute the foregoing on appeal, but argues that the trial court erred in finding that plaintiff was entitled to enforce the agreement and recover damages on its breach of contract claim.
The trial court's finding that plaintiff was entitled to damages on its breach of contract claim, which largely rested on credibility determinations, was supported by a fair interpretation of the evidence (see Thoreson v Penthouse Intl., 80 NY2d 490, 495 [1992]; DeGraw Constr. Group, Inc. v HPDC2 Hous. Dev. Fund Co., Inc., 189 AD3d 405, 405 [1st Dept 2020]). Contrary to defendant's contention, the evidence sufficiently supported the court's finding that plaintiff performed under the contract. Defendant contends that plaintiff did not conduct an "audit" of real estate taxes, "identify" a refund of which defendant was unaware, or perform work that "directly resulted" in the refund. However, the trial court's finding to the contrary were supported by a fair interpretation of the evidence.
The trial court properly rejected defendant's defense that plaintiff fraudulently induced it to enter into the agreement by making misleading partial disclosures (see DIRECTV, LLC v Nexstar Broadcasting, Inc., 199 AD3d 561, 562 [1st Dept 2021]). At trial, the parties offered vastly different accounts of plaintiff's disclosures on the initial cold-call and during the parties' first meeting. The court, which had an opportunity to observe the demeanor of the witnesses, was entitled to credit plaintiff's claim that it had fully disclosed its intention to seek a tax credit, and reject defendant's assertion that plaintiff had represented that it would only be auditing [*2]utility bills.
The defense that plaintiff breached its fiduciary duty to defendant was also properly rejected. Defendant relied on the contract's designation that plaintiff would be acting as defendant's "agent" for the purpose of submitting refund applications. However, no fiduciary relationship arose where, as here, the parties were engaged in an arms' length transaction (see Northeast Gen. Corp. v Wellington Adv., 82 NY2d 158, 162 [1993]), and defendant had made "no showing of 'special circumstances' that could have transformed the parties' business relationship to a fiduciary one" (L. Magarian & Co. v Timberland Co., 245 AD2d 69, 70 [1st Dept 1997]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 22, 2022