Cullity v Posner (2023 NY Slip Op 00263)

Cullity v Posner

2023 NY Slip Op 00263

Decided on January 24, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 24, 2023

Before: Kern, J.P., Oing, Gesmer, Scarpulla, Rodriguez, JJ. 

Index No. 112494/11 Appeal No. 17157 Case No. 2021-00725 

[*1]Lisa Cullity, Plaintiff-Appellant,
v
Fred Posner et al., Defendants-Respondents.

Law Offices of J. Douglas Barics, Commack (J. Douglas Barics of counsel), for appellant.
Kantrowitz, Goldhamer & Graifman, P.C., New City (Gary S. Graifman of counsel), for respondents.

Judgment, Supreme Court, New York County (Melissa A. Crane, J.), entered February 3, 2021, after a nonjury trial, to the extent appealed from as limited by the briefs, awarding defendants damages in the amount of $97,436.87 plus prejudgment interest from June 22, 2011, and bringing up for review an order, same court and Justice, entered on or about November 25, 2020, which, inter alia, granted defendants' counterclaim for breach of contract in part and awarded defendants judgment against plaintiff in said amount with said interest, unanimously modified, on the law and the facts, to reduce the award of damages to $94,336.87, and otherwise affirmed, without costs.
The trial court's decision was supported by a fair interpretation of the evidence (Watts v State of New York, 25 AD3d 324, 324 [1st Dept 2006]; see also DeGraw Constr. Group, Inc. v HPDC2 Hous. Dev. Fund Co., Inc., 189 AD3d 405, 405 [1st Dept 2020]). Where the trial court's findings are "warranted by the facts, taking into account in a close case the fact that the trial judge had the advantage of seeing the witnesses," a verdict will not be overturned (DeGraw, 189 AD3d at 405 [internal quotation marks and citation omitted]).
The court's finding that defendants established an oral contract between themselves and plaintiff with respect to the post-divorce loans was amply supported by the evidence. An oral agreement is enforceable so long as its terms are in line with the parties' reasonable expectations, and the parties' conduct evinces mutual assent, even where the terms of the contract are not "fixed with absolute certainty" (Kramer v Greene, 142 AD3d 438, 439 [1st Dept 2016]). Here, the parties manifested their assent to the loan through their actions: defendants repeatedly deposited money directly into plaintiff's bank account, to which plaintiff did not object. Those checks were, for the most part, earmarked as "loans." Plaintiff's subsequent partial repayments of the loan, behavior typically exhibited only by parties who owe money, further demonstrated the parties' mutual assent and understanding to the terms of the agreement and the expectation of repayment.
The court also properly found that plaintiff did not meet her burden of proving that she had repaid the post-divorce loans (see Conkling v Weathermax, 181 NY 258, 263 [1905]). Plaintiff failed to establish that she made additional repayments to defendants for the specific purposes of repaying the post-divorce loans that had not already been credited by the trial court. Plaintiff also failed to substantiate the purported repayment checks with deposits in defendants' bank account or, for the most part, to establish that they were related to the repayment of the post-divorce loans. Plaintiff testified at trial that she had written checks to her father for a variety of reasons, including so that he could make investments on her behalf. Regardless, the court gave plaintiff the benefit of the doubt by crediting certain of her checks [*2]to repayment of the post-divorce loans, including, for example, those that had been earmarked as "loan repayment" or payable to "Fred Posner." This reduced the amount that plaintiff owed defendants on the relevant portion of the counterclaim by $41,565.13. The court's rational determination as to the repayment amount following trial will not be disturbed.
However, plaintiff raises two typographical errors that should have resulted in a relatively minor credit to her, which defendants concede. Specifically, a $400 deposit made on plaintiff's behalf was incorrectly listed as $4,000 on exhibit C-12 (Check # 1236), and a check for $1,500 was incorrectly listed as $1,000 (Check # 1291). Fairness and good sense dictate that plaintiff is entitled to a net credit of $3,100 with respect to the loan's principal, and a slight adjustment of interest based on that revision.
The court properly awarded prejudgment interest to defendants. In breach of contract actions, interest is to be recovered upon the sum awarded and computed "from the earliest ascertainable date the cause of action existed" (CPLR 5001[b]; see also Cole v Macklowe, 64 AD3d 480, 481 [1st Dept 2009]). Here, the court awarded interest from June 22,2011, which was the date of the last loan, and thus the earliest ascertainable
date that the cause of action existed.
We have considered the remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 24, 2023