Perfectly Reliable Constr., Inc. v 213 E. 26, LLC (2023 NY Slip Op 02838)

Perfectly Reliable Constr., Inc. v 213 E. 26, LLC

2023 NY Slip Op 02838

Decided on May 25, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 25, 2023

Before: Kapnick, J.P., Friedman, Gesmer, Mendez, Pitt-Burke, JJ. 

Index No. 654698/17 Appeal No. 312-312A Case No. 2022-04864 

[*1]Perfectly Reliable Construction, Inc., Plaintiff-Respondent,
v
213 East 26, LLC, et al., Defendants-Appellants.

Law Offices of Andreas Vasilatos, PLLC, Brooklyn (Scott P. Benjamin of counsel), for appellants.
Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph, III of counsel), for respondent.

Judgment, Supreme Court, New York County (Alexander Tisch, J.), entered April 14, 2022, after a nonjury trial, awarding plaintiff the amount of $171,000 plus statutory interest from February 1, 2017 for a total sum of $252,218, and bringing up for review an order, same court and Justice, entered April 7, 2022, which awarded plaintiff damages, unanimously modified, on the law and the facts, to award separate amounts to plaintiff against each defendant as follows: $46,800 from 213 East 26, LLC; $62,500 from 221 East 11 Street, LLC; $29,800 from 200 Stanton, LLC; and $31,500 from 2100 2nd, LLC, for a total of $170,600, reflecting the actual total of all sums awarded in the April 7, 2022 order, plus statutory interest, and otherwise affirmed, without costs. Appeal from aforesaid order, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
The trial court's decision, which rested largely on credibility determinations, was supported by a fair interpretation of the evidence. The testimony at trial provides an ample basis for a finding that plaintiff performed under the contract, and that any delays and failures to obtain final inspections and sign offs were not the result of plaintiff's actions, but were attributable to change orders required by defendants (see Lolik v Big V Supermarkets, Inc., 86 NY2d 744, 746 [1995]; DeGraw Constr. Group, Inc. v HPDC2 Hous. Dev. Fund Co., Inc., 189 AD3d 405, 406 [1st Dept 2020]). Furthermore, although the court acknowledged that plaintiff failed to meet conditions precedent specified in the contracts, it reasonably found that defendant's conduct frustrated or prevented the occurrence of those conditions (see ADC Orange, Inc. v Coyote Acres, Inc., 7 NY3d 484, 490 [2006]).
In addition, the trial court providently exercised its discretion when it admitted into evidence unsigned copies of the written contracts, as the record does not support defendant's contention that additional signed copies of the contracts existed and that plaintiff violated the best evidence rule by failing to produce them at trial (see Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 643 [1994]). The testimony by plaintiff's owner established that the contracts entered into evidence were the original writings and that neither he nor any of the defendants signed them. No other evidence or testimony contradicted his representations. Indeed, when defendant Steven Croman was shown the written contracts during his testimony, he agreed that they were the agreements generated for the construction projects and testified that he did not recall signing any of them. Furthermore, even though the contracts were unsigned, objective evidence corroborated the existence and terms of the agreements and established that the parties intended to be bound by them (see Flores v Lower E. Side Serv. Ctr., Inc., 4 NY3d 363, 369 [2005]). For each document, plaintiff's owner testified that he received the document at defendants' office[*2], that the document reflected the verbal agreement he had with defendants, and that neither he nor any defendants signed the document. He also testified that he commenced work in accordance with the written contracts, and that defendants made payments to him for work completed.
The trial court also providently exercised its discretion when it admitted a summary payment chart as a business record, as plaintiff laid a proper foundation showing that it was produced in the regular course of business, and was created around the time of the transaction at issue (see CPLR 4518[a]; People v Cratsley, 86 NY2d 81, 89 [1995]). Testimony established that plaintiff's owner created the document shortly after plaintiff completed the construction work, and that it was based on information compiled from entries he recorded during construction to document defendants' payment shortfalls. Any translation assistance provided by a nonemployee does not detract from the document's weight in light of testimony establishing that the owner performed the accounting himself (see Johnson v Lutz, 253 NY 124, 126 [1930]). Plaintiff's owner also testified, based on his personal knowledge, to the amounts owed for each individual project (see D'Ull v 1872 Monroe Ave. Hous. Dev. Fund Corp., 172 AD2d 181, 182 [1st Dept 1991]).
The judgment is modified, however, to award separate amounts to plaintiff from each LLC defendant, in accordance with the court's findings on the individual contracts. Although some evidence in this case suggested that all of the LLC defendants operated as a single entity, the trial court did not explicitly find that the defendants worked in concert to breach their contractual obligations to plaintiff, and the court's decision does not offer any other rationale for imposing joint and several liability (see Perez v Masonry Servs., Inc., 189 AD3d 703, 704-705 [1st Dept 2020], lv denied, 37 NY3d 903 [2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 25, 2023